■ In the Matter of MILTON STRONZA, Appellant, v ROBERT HOKE, as Superintendent of Eastern Correctional Facility, et al., Respondents.—Kane, J. P. Appeal from a judgment of the Supreme Court (Torraca, J.), entered January 11, 1988 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondents' determination denying petitioner's request under the Freedom of Information Law for unredacted copies of certain program and security assessment summaries.

In February 1986 petitioner, an inmate at Auburn Correctional Facility in Cayuga County, was transferred to another correctional facility. He was again transferred to still another facility in October 1986. In connection with his first transfer, petitioner sought copies of certain documents compiled at the time of his transfers. Although he was provided with copies of the requested documents, certain portions of them were deleted. After pursuing his administrative appeals, petitioner commenced this CPLR article 78 proceeding seeking the unredacted copies of the documents. Supreme Court upheld the determinations denying petitioner access to the deleted portions of the documents and accordingly dismissed the petition. This appeal by petitioner ensued.

We affirm. In our view, the redacted portions of the documents are exempt from disclosure under the Freedom of Information Law (Public Officers Law art 6). As did Supreme Court, we have examined the documents in camera in their entirety and agree with respondents that they were exempt under Public Officers Law § 87 (2) (g), which permits an agency to deny access to portions of certain interagency or intraagency records. Additionally, some of the information in the redacted portions was also exempt from disclosure under

Public Officers Law § 87 (2) (f). This provision of the statute permits nondisclosure of information if it would pose a danger to the life or safety of any person. We reject petitioner's assertion that respondents are required to prove that a danger to a person's life or safety will occur if the information is made public (see, *Matter of Nalo v Sullivan*, 125 AD2d 311, 312, *lv denied* 69 NY2d 612). Rather, there need only be a possibility that such information would endanger the lives or safety of individuals and, here, respondents have adequately demonstrated that the information sought by petitioner meets this requirement. Therefore, Supreme Court was correct in determining that the information being sought was exempt from disclosure.

We have examined petitioner's remaining contentions and find them to be lacking in merit.

Judgment affirmed, without costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.