■ In the Matter of Otis Tate, Appellant, v Francis De Francesco, as Chief Inspector of the New York State Police, Respondent. [629 NYS2d 529] —Spain, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 6, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondent's determination partially denying petitioner's request for documents pursuant to the Freedom of Information Law.

Petitioner, by letter dated November 24, 1993 requested certain documents, pursuant to the Freedom of Information Law, relating to an altercation involving petitioner at Otisville Federal Correctional Facility, in Orange County, on April 9, 1983 which resulted in the death of inmate Emanuel Stewart; petitioner was later prosecuted for murder. Respondent thereafter denied disclosure of certain documents upon the grounds that they are interagency or intraagency records and that

disclosure would result in an unwarranted invasion of personal privacy of others concerned. Supreme Court dismissed petitioner's application challenging the determination. Petitioner appeals.

We affirm. It is well settled that access to certain interagency and intraagency records may properly be denied (*see*, Public Officers Law § 87 [2] [g]) and, further, that access may be denied to records which, if disclosed, could pose a danger to the life or safety of any person (*see*, Public Officers Law § 87 [2] [f]; *Matter of Stronza v Hoke*, 148 AD2d 900, *lv denied* 74 NY2d 611). After an in camera inspection of the undisclosed and redacted records we conclude that the information sought is exempt from disclosure and Supreme Court was therefore correct in dismissing the petition.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.