■ In the Matter of KEVIN DEANE, Appellant, v ANTHONY ANNUCCI, as Deputy Commissioner and Counsel of the New York State Department of Correctional Services, et al., Respondents. [669 NYS2d 696] —Crew III, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 3, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination by respondent Deputy Commissioner of Correctional Services denying petitioner's request under the Freedom of Information Law.

In 1993 and apparently again in 1995 petitioner, a prison inmate, was denied parole based, in part, upon the fact that while incarcerated he "communicated threats to kill the husband of [his] former paramour and on [July 7, 1992] the institutional superintendent had to order [him] to cease and desist harassing [his former paramour] and her family or face disciplinary action". Petitioner's request under the Freedom of Information Law (Public Officers Law art 6) to obtain information pertaining to his former paramour was denied, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge that determination. Supreme Court dismissed the petition and this appeal ensued.

We affirm. The crux of petitioner's argument on appeal is that he was denied access to a particular letter authored by his former paramour in July 1992. The stated basis for the denial was that disclosure would constitute an unwarranted invasion of privacy and could endanger the life or safety of the author (*see*, Public Officers Law § 87 [2] [b], [f]). Based upon our in camera review of the subject letter, we are satisfied that

respondents met their burden of demonstrating that the requested material falls squarely within the cited exemptions and, as such, petitioner's request properly was denied (*see, Matter of Partee v Bartlett*, 241 AD2d 605, *lv denied* 90 NY2d 811; *Matter of Tate v De Francesco*, 217 AD2d 831, *lv denied* 86 NY2d 712; *Matter of Stronza v Hoke*, 148 AD2d 900, *lv denied* 74 NY2d 611). The parties' remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.