■ In the Matter of ABDUL BEYAH et al., Appellants, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [766 NYS2d 222] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Connor, J.), entered August 5, 2002 in Albany County, which, inter alia, denied petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services denying a request under the Freedom of Information Law.

On September 27, 1999, petitioner Abdul Beyah (hereinafter petitioner), a prison inmate, was involved in an incident at the Auburn Correctional Facility in Cayuga County when he was allegedly injured by correction officers. Following an unsuccessful administrative appeal, petitioner and his attorneys commenced this CPLR article 78 proceeding challenging the denial of their requests, pursuant to the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]), for access to various records pertaining to the incident maintained by the Department of Correctional Services (hereinafter DOCS). Supreme Court upheld the determination denying access and, additionally, did not grant their request for counsel fees.

Under FOIL, agency records are presumptively available for public inspection and copying unless the requested documents fall within one of the exemptions set forth in Public Officers Law § 87 (2) (*see Matter of Fappiano v New York City Police Dept.,* 95 NY2d 738, 746 [2001]; *Matter of Gould v New York City Police Dept.,* 89 NY2d 267, 274-275 [1996]; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns,* 67 NY2d

562, 566 [1986]). "Exemptions are to be narrowly construed to provide maximum access, and the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns, supra* at 566 [citations omitted]).

We have conducted an in camera review of the documents requested and address each category separately.

A. *Employee Accident Reports*

Respondent contends that disclosure of these reports constitutes an unwarranted invasion of privacy under Public Officers Law § 87 (2) (b) and § 89 (2) (b) (i), which exempt medical histories, because the reports set forth the injuries sustained by the correction officers involved in the incident. "What constitutes an unwarranted invasion of personal privacy is measured by what would be offensive and objectionable to a reasonable [person] of ordinary sensibilities" (*Matter of Dobranski v Houper,* 154 AD2d 736, 737 [1989] [citation omitted]; *see Matter of Ruberti, Girvin & Ferlazzo v New York State Div. of State Police,* 218 AD2d 494, 498 [1996]). Furthermore, the term "medical history" has been defined as "information that one would reasonably expect to be included as a relevant and material part of a proper medical history" (*Matter of Hanig v State of N.Y. Dept. of Motor Vehs.,* 79 NY2d 106, 111-112 [1992]; *see Matter of LaRocca v Board of Educ. of Jericho Union Free School Dist.,* 220 AD2d 424, 427 [1995]). The Court of Appeals has approved that definition, stating that it "capture[s] the essence of the exemption in that it encompasses the very sort of detail about personal medical condition that would ordinarily and reasonably be regarded as intimate, private information" (*Matter of Hanig v State of N.Y. Dept. of Motor Vehs., supra* at 112). We conclude that the notations contained within the accident reports herein, which describe the general nature of the correction officers' injuries sustained in the incident, if any, do not reveal details of any existing medical condition and, therefore, cannot reasonably be considered a relevant and material part of each officer's medical history. Accordingly, we find that the employee accident reports are not exempt from disclosure. However, since the disclosure of other personal information on these reports would constitute an unwarranted invasion of personal privacy (*see* Public Officers Law § 87 [2] [b]; § 89 [2] [b]), we direct that each correction officer's home address, home and other phone numbers, Social Security number and date of birth be redacted.

B. *Employee Interviews*

Respondent also argues that the employee interviews are exempt from disclosure pursuant to Civil Rights Law § 50-a (1) and Public Officers Law § 87 (2) (a).[1] Civil Rights Law § 50-a (1) provides, in relevant part, that "[a]ll personnel records, used to evaluate performance toward continued employment or promotion, under the control of * * * a department of correction of individuals employed as correction officers * * * shall be considered confidential and not subject to inspection or review without the express written consent of such * * * correction officer * * * except as may be mandated by lawful court order."[2] Respondent has offered no evidence establishing that the interviews are relied upon in evaluating employee performance and, therefore, are part of the correction officers' personnel records (*cf. Matter of Lyon v Dunne,* 180 AD2d 922, 923 [1992], *lv denied* 79 NY2d 758 [1992]). Accordingly, we find that respondent has failed to satisfy its burden of "demonstrating that the [employee interviews] fall[ ] squarely within the exemption" (*Matter of Daily Gazette Co. v City of Schenectady,* 93 NY2d 145, 159 [1999]; *see Matter of Capital Newspapers Div. of Hearst Corp. v Burns,* 67 NY2d 562, 566 [1986], *supra*).

Relying on Public Officers Law § 87 (2) (e) (iii) and (iv), respondent further asserts that the employee interviews are protected from disclosure because they were compiled for law enforcement purposes and, if disclosed, would identify a confidential source, disclose confidential information or reveal investigative techniques or procedures. We disagree. The employee interviews herein do not reveal any source or disclose any information which would be deemed confidential. Nor do they reveal any nonroutine criminal investigative techniques or procedures (*see* Public Officers Law § 87 [2] [e] [iv]). Accordingly, the employee interviews must be disclosed.

C. *Report of Complaint Progress, Index Sheets and Receipt of Complaint*

Next, respondent contends that the report of complaint progress, index sheets and receipt of complaint are protected from disclosure because they reveal nonroutine criminal investigative techniques or procedures (*see* Public Officers Law

---

**1.** Public Officers Law § 87 (2) (a) exempts from disclosure all records which are specifically exempt pursuant to other state or federal statutes.

**2.** The purpose of Civil Rights Law § 50-a is to "prevent the potential use of information in the records in litigation to degrade, embarrass, harass or impeach the integrity of the officer" (*Matter of Daily Gazette Co. v City of Schenectady,* 93 NY2d 145, 158 [1999]; *see Matter of New York Civ. Liberties Union v City of Schenectady,* 306 AD2d 784, 786 [2003]).

§ 87 [2] [e] [iv]). "Indicative, but not necessarily dispositive, of whether investigative techniques are nonroutine is whether disclosure of those procedures would give rise to a substantial likelihood that violators could evade detection by deliberately tailoring their conduct in anticipation of avenues of inquiry to be pursued by agency personnel" (*Matter of Fink v Lefkowitz,* 47 NY2d 567, 572 [1979] [citations omitted]). Inasmuch as the report of complaint progress, index sheets and receipt of complaint do not set forth the methods of inquiry by which information concerning the incident was gathered (*see generally Matter of Spencer v New York State Police,* 187 AD2d 919, 920-921 [1992]), beyond the routine process of contacting participants and witnesses, and in the absence of an allegation that anyone on the list qualifies as a "confidential source" within the meaning of Public Officers Law § 87 (2) (e) (iii), there is no basis in the record before us to deny disclosure of these documents. Accordingly, they shall be disclosed. However, in order to prevent an unwarranted invasion of personal privacy (*see* Public Officers Law § 87 [2] [b]; § 89 [2] [a], [b]), prior to disclosure, respondent shall redact all Social Security numbers.

D. *Employee Training Records*

Further, although we find that the employee training records are personnel records within the meaning of Civil Rights Law § 50-a (1) in that they are clearly relied upon to evaluate performance toward continued employment or promotion, respondent's failure, in the record before us, to adequately "demonstrate a substantial and realistic potential * * * for [their] abusive use against the [correction officers]" (*Matter of Daily Gazette Co. v City of Schenectady,* 93 NY2d 145, 159 [1999], *supra*), in our view, mandates their disclosure. Therefore, respondent shall disclose the employee training records, however, it shall redact all Social Security numbers to prevent an unwarranted invasion of personal privacy (*see* Public Officers Law § 87 [2] [b]; § 89 [2] [a], [b]).

E. *Prison Directive No. 4901 and Employee Staffing Records*

We agree with respondent's contention that employee staffing records, "if disclosed would endanger the life or safety of any person" (Public Officers Law § 87 [2] [f]), by revealing the postings of correction officers throughout the facility. Therefore, they are exempt from disclosure. However, we fail to see how disclosure of DOCS prison directive No. 4901, pertaining to the maintenance of log books, poses any "possibility" of danger to the lives or safety of DOCS's personnel (*cf. Matter of Stronza v Hoke,* 148 AD2d 900, 901 [1989], *lv denied* 74 NY2d 611 [1989]). Therefore, said directive shall be disclosed.

Finally, we address petitioners' argument that they are entitled to counsel fees pursuant to Public Officers Law § 89 (4) (c). To be recoverable under that statute, petitioners must show that (1) they have "substantially prevailed" on the petition, (2) the record sought was of "clearly significant interest to the general public," and (3) "the agency lacked a reasonable basis in law for withholding the record" (Public Officers Law § 89 [4] [c]; *see Matter of Grace v Chenango County,* 256 AD2d 890, 891 [1998]). Even if we were to assume that petitioners have met the first and third criteria, they have failed to satisfy the second (*see* Public Officers Law § 89 [4] [c] [i]; *Matter of Grace v Chenango County, supra* at 891). Therefore, the request for counsel fees was properly denied.

Mercure, Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, and petition granted to the extent that respondent is directed to release to petitioners, pursuant to the Freedom of Information Law, the redacted employee accident reports, the employee interviews, the redacted report of complaint progress, index sheets and receipt of complaint, the redacted training records and prison directive No. 4901; and, as so modified, affirmed.