■ In the Matter of JAIME GRAJALES, Appellant, v STEPHEN F. LUNGEN, as Sullivan County District Attorney, et al., Respondents. [790 NYS2d 268]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered June 27, 2003 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Sullivan County Attorney denying his request for the disclosure of certain videotapes under the Freedom of Information Law.

Following his criminal conviction, petitioner made a request under the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) for, among other things, "[c]opies of any tapes/videotapes or transcriptions of any tapes/videotapes made by the police, District Attorney or any other parties that was [*sic*] introduced during the trial proceedings." His request for the videotapes, depicting confidential and undercover police sources, was denied under the provisions of Public Officers Law

§ 87 (2) (e) (iii) and (f).* That decision was upheld on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding which was dismissed by Supreme Court, prompting this appeal.

Initially, we note that "FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government" (*Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 252 [1987]). Indeed, "the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]; *see Matter of Hassig v New York State Dept. of Health*, 294 AD2d 781, 782 [2002], *lv denied* 99 NY2d 502 [2002]).

Here, it is undisputed that the requested videotapes contained images of confidential informants and undercover police officers who provided evidence leading to petitioner's conviction. Given, among other things, petitioner's status as an inmate at a state correctional facility, the safety of these individuals could be compromised if their identities were revealed by disclosure of the videotapes (*see e.g. Matter of Carty v New York State Div. of Parole*, 277 AD2d 633 [2000]; *Matter of De Oliveira v Wagner*, 274 AD2d 904 [2000]). While petitioner maintains that certain of the individuals in the videotape testified at petitioner's trial and, therefore, waived any right to confidentiality, we find no reason to disturb Supreme Court's finding that redaction of the tapes to exclude inappropriate material is not a viable option under the circumstances presented. Consequently, we conclude that the above noted FOIL exemptions are applicable and Supreme Court properly dismissed the petition.

Crew III, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Public Officers Law § 87 (2) provides, in pertinent part, as follows: "2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that: . . . (e) are compiled for law enforcement purposes and which, if disclosed, would: . . . iii. identify a confidential source or disclose confidential information relating to a criminal investigation; . . . (f) if disclosed could endanger the life or safety of any person."