■ In the Matter of MICHAEL ARGENTIERI, Respondent, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Appellants. [807 NYS2d 445]—

Carpinello, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered October 21, 2004 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents partially denying petitioner's Freedom of Information Law request.

This case stems from a complaint filed by petitioner's mother, who alleged that her son had been the subject of a false misbehavior report while incarcerated in Gowanda Correctional Facility in Cattaraugus County. Petitioner allegedly had a personal relationship with a woman many years prior to his incarceration, who subsequently married a correction officer at that facility. The misbehavior report was purportedly filed in retaliation for this relationship. The complaint was investigated by the Inspector General of the Department of Correctional Services and ultimately determined to be unfounded.

Petitioner then sought the records of the Inspector General relating to this investigation under the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]). After access to a number of documents in the file was denied, and a mostly unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to compel full disclosure. Supreme Court ordered that, with a few exceptions and redactions, the majority of the withheld documents be provided. Because we believe that Supreme Court misconstrued applicable Court of Appeals' precedent, we are constrained to reverse that part of the judgment as partially granted the petition.

In *Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs.* (73 NY2d 26 [1988]), the Court of Appeals ruled that inmate grievances against state correction officers and the resultant administrative determinations constitute "personnel records" under Civil Rights Law § 50-a (1) and are thus exempt from disclosure under FOIL. In so holding, the Court reasoned that such records fall squarely within the exception from disclosure provided by Civil Rights Law § 50-a (1) in that they "contain[ ] personal, employment-related information about a public employee, namely, complaints made by inmates about the on-the-job conduct of certain correction officers . . . and . . . 'are clearly relied upon in evaluating the employee's performance' " (*Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs., supra* at 31 [citation omitted]). Thus, we disagree with Supreme Court's analysis

that records of this type are exempt from disclosure only "when misconduct is found."

In reaching its determination, the Court of Appeals cited with approval *Matter of Gannett Co. v James* (86 AD2d 744 [1982], *lv denied* 56 NY2d 502 [1982]). In *Gannett*, the Fourth Department held that "[t]he fact that some complaints are unfounded and the officers are cleared of any wrongdoing is of no moment. The complaint subjects the officer to possible disciplinary sanctions and is thus an evaluative tool" (*id.* at 745). Indeed, this Court has noted that "complaints of misconduct, are the very types of documents that [Civil Rights Law § 50-a (1)] was designed to protect in the first instance" (*Matter of Ruberti, Girvin & Ferlazzo v New York State Div. of State Police*, 218 AD2d 494, 497 [1996]).* Since practically all of the documents sought by petitioner were generated as a result of his mother's complaint of misconduct against correction officers, respondents properly denied access to certain portions of the contents of the Inspector General's investigative file.

One document in that file predates the complaint of petitioner's mother and pertains to a physical altercation between petitioner and a cellmate. This document is exempt from disclosure under Public Officers Law § 87 (2) (f) because in our view one inmate's disclosure of information regarding another inmate's possible criminal activity would expose the disclosing inmate to an increased risk of retribution.

Crew III, J.P., Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted the petition; petition dismissed in its entirety; and, as so modified, affirmed.

---

* We do not view our holding in *Matter of Beyah v Goord* (309 AD2d 1049 [2003]) as compelling a contrary result, as that case involved employee interviews relating to a prison inmate's injury.