■ In the Matter of JOHN H., Respondent, v GLENN S. GOORD, as Commissioner of Correctional Services, Appellant. [809 NYS2d 682]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Benza, J.), entered November 19, 2004 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's Freedom of Information Law request.

Petitioner, then an inmate at Great Meadow Correctional Fa-

cility in Washington County, submitted a Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) request to respondent in November 2003, seeking investigative reports, interviews and related documents generated in response to his allegation that he was sexually assaulted by a correction officer while incarcerated at Green Haven Correctional Facility in Dutchess County. Respondent denied petitioner's request, as well as his administrative appeal of that denial. Petitioner's subsequent request for information regarding whether criminal activity had been found was also denied. Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination. Supreme Court granted the petition and directed respondent to disclose the relevant documents, subject to redaction of any reference to correction officers' home addresses, phone numbers, Social Security numbers, dates of birth or other identifying information. Respondent appeals and we now reverse.

Initially, we note that exemptions to FOIL must be narrowly construed and it is " 'the agency seeking to prevent disclosure [that] carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access' " (*Matter of Beyah v Goord*, 309 AD2d 1049, 1050 [2003], quoting *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]).* Respondent contends that he articulated such a particularized and specific justification for denying disclosure under Public Officers Law § 87 (2) (e) (iii) and (iv), which exempt from disclosure records that "are compiled for law enforcement purposes and which, if disclosed, would . . . identify a confidential source or disclose confidential information relating to a criminal investigation; or . . . reveal criminal investigative techniques or procedures, except routine techniques and procedures," and section 87 (2) (f), which exempts records that "if disclosed could endanger the life or safety of any person." Specifically, respondent asserts that the requested records, which have been submitted for in camera review, and the affidavit of Kenneth J. McLaughlin, Director of Operations of the Office of the Inspector General of the Department of Correctional Services, establish that disclosure would identify a confidential source and endanger the life or safety of a person.

In his affidavit, McLaughlin explained that, as a general mat-

---

* Respondent does not raise the issue of whether the requested documents are exempt from disclosure pursuant to Civil Rights Law § 50-a (1) and, thus, we do not consider whether that provision has any applicability in this case (*cf. Matter of Argentieri v Goord*, 25 AD3d 830 [2006]).

ter, exposing the identity of an inmate or employee who cooperated in an investigation could expose that individual to a significant risk of retribution and impair the efficacy of future investigations by undermining the Department's ability to guarantee confidentiality. Upon our in camera review of the requested documents, however, we agree with Supreme Court that neither the specific records at issue nor McLaughlin's affidavit contain any suggestion that the participating witnesses qualify as "confidential source[s]," and that the records "do not reveal any source or disclose any information which would be deemed confidential [or] reveal any nonroutine criminal investigative techniques or procedures" (*Matter of Beyah v Goord, supra* at 1051-1052; *cf. Matter of Grajales v Lungen*, 15 AD3d 789, 790 [2005], *lv denied* 5 NY3d 704 [2005]). Thus, the exemptions contained in Public Officers Law § 87 (2) (e) (iii) and (iv) are inapplicable. We conclude, however, that the documents are exempt under section 87 (2) (f) inasmuch as disclosure could endanger the life or safety of a person (*see Matter of Argentieri v Goord*, 25 AD3d 830, 832 [2006]; *Matter of Tate v De Francesco*, 217 AD2d 831, 832 [1995], *lv denied* 86 NY2d 712 [1995]; *Matter of Stronza v Hoke*, 148 AD2d 900, 900-901 [1989], *lv denied* 74 NY2d 611 [1989]; *cf. Matter of Beyah v Goord, supra* at 1052).

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.