OPINION OF THE COURT
George B. Ceresia, Jr., J.
The petitioner, an inmate at Southport Correctional Facility, has commenced the instant CPLR article 78 proceeding to review a determination dated October 29, 2009 which denied his Freedom of Information Law (FOIL) request for production of the accident reports of certain correction officers who were injured during a riot which occurred on June 14, 2003 in the main yard of Auburn Correctional Facility. Respondent opposes the petition, maintaining that the documents are exempt from disclosure.
As a part of its argument that the accident reports are exempt under Public Officers Law § 87 (2), the respondent cites Civil Rights Law § 50-a, which recites, in part, as follows:
“1. All personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof including authorities or agencies maintaining police forces of individuals defined as police officers in section 1.20 of the criminal procedure law and such personnel records under the control of a sheriffs department or a department of correction of indi *707 viduals employed as correction officers and such personnel records under the control of a paid fire department or force of individuals employed as firefighters or firefighter/paramedics and such personnel records under the control of the division of parole for individuals defined as peace officers pursuant to subdivisions twenty-three and twenty-three-a of section 2.10 of the criminal procedure law shall be considered confidential and not subject to inspection or review without the express written consent of such police officer, firefighter, firefighter/ paramedic, correction officer or peace officer within the division of parole except as may be mandated by lawful court order.
“(2) Prior to issuing such court order the judge must review all such requests and give interested parties the opportunity to he heard. No such order shall issue without a clear showing of facts sufficient to warrant the judge to request records for review.” (Emphasis supplied.)
By reason of the last two sentences in the above-quoted section the court, in an interim decision-order dated July 29, 2010, found that the correction officers in question should be given notice of the instant application and an opportunity to be heard. In the same decision-order, the court directed the attorney for the respondent to give notice to the correction officers so that they could submit an affidavit to the court if they desired to oppose petitioner’s application. The attorney for the respondent did so, and has submitted an affidavit demonstrating that this was done. Inasmuch as no opposing affidavits have been received from the correction officers, the court finds that the matter is now ready for disposition.
Prior to addressing that issue however, the court must first observe that the petitioner, for the first time in his reply, takes the position that he amended his FOIL request on August 17, 2009 to include additional documents, and that these documents should be included and considered in the instant proceeding.[1] The additional documents are not mentioned in the petition *708 itself.* [2] Nor was a copy of the August 17, 2009 amended FOIL demand annexed thereto. The respondent has submitted an affidavit of Chad Powell, the Administrative Assistant in the Department of Correctional Services (DOCS) FOIL Unit. Mr. Powell indicated that DOCS never received the August 17, 2009 amended FOIL demand. The court is thus confronted with a situation where: (1) the respondent has denied receipt of the amended FOIL demand; (2) it was never reviewed at the agency level; and (3) a copy of the amended FOIL demand was never annexed to the instant CPLR article 78 petition, nor was it mentioned in the body of the petition. Under all of the circumstances, the court finds that all claims concerning the additional documents referred to in the amended FOIL demand are not properly before the court and must be dismissed.
As to the claims set forth in the petition, it is settled law that the Freedom of Information Law or “FOIL” (see Public Officers Law art 6) is based on the overriding policy consideration that “the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government” (Matter of Fink v Lefkowitz, 47 NY2d 567, 571 [1979]; see also Matter of New York State United Teachers v Brighter Choice Charter School, 64 AD3d 1130, 1131 [3d Dept 2009]). The Court of Appeals has repeatedly held that FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government (see Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen, 69 NY2d 246, 252 [1987]; Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 564 [1984]; Matter of Fink v Lefkowitz at 571; Matter of Citizens for Alternatives to Animal Labs v Board of Trustees of State Univ. of N.Y., 92 NY2d 357 [1998]; Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 463 [2007]).
All agency records are presumptively available for public inspection and copying, unless the documents in question fall within one of the enumerated exemptions set forth in Public Officers Law § 87 (2) (see Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale, 87 NY2d 410, 417 [1995]; Matter of Hanig v State of N.Y. Dept. of Motor *709 Vehs., 79 NY2d 106, 109 [1992]; Matter of Humane Socy. of U.S. v Fanslau, 54 AD3d 537 [3d Dept 2008]; Matter of Data Tree, LLC v Romaine, supra). Blanket exemptions for particular types of documents are inimical to FOIL’S policy of open government (see Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 569 [1986]; Matter of Gould v New York City Police Dept., 89 NY2d 267 [1996]). The exemptions available are to be narrowly construed, and “the agency seeking to prevent disclosure bears the burden of demonstrating the applicability of the particular exemption claimed” (Matter of Legal Aid Socy. of Northeastern N.Y. v New York State Dept. of Social Servs., 195 AD2d 150, 153 [3d Dept 1993]; see Public Officers Law § 89 [4] [b]; see Matter of Hanig v State of New York Dept. of Motor Vehs. at 109; see also Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d 145, 158-159 [1999]). The agency at issue must “articulare] a particularized and specific justification for denying access” to the requested documents (Matter of Capital Newspapers Div. of Hearst Corp. v Burns at 566; Matter of Fink v Lefkowitz at 571; Matter of Gould v New York City Police Dept. at 275).
Respondents claim exemption from disclosure under Public Officers Law § 87 (2) (b) and (f). Public Officers Law § 87 (2) (b) applies where disclosure “would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article.” With respect to accident reports, this issue was addressed in Matter of Beyah v Goord (309 AD2d 1049 [3d Dept 2003]), a case very similar to the one at bar. As relevant here, Beyah, a prison inmate, sought accident reports of correction officers who sustained injuries in an incident in which inmate Beyah was involved. The Court upheld the confidentiality of correction officers’ medical histories, but found that notations within the accident report describing the general nature of the correction officers’ injuries were not exempt from disclosure. In the same decision, the Court directed that certain portions of the accident reports be redacted, in order to protect the life and safety of the correction officers (see Public Officers Law § 87 [2] [f]; Matter of Beyah v Goord at 1050).
Of great significance here, and what distinguishes the instant situation from that in Beyah (supra), is that the employee accident/injury reports which are the subject of the instant proceeding consist of two distinct components. The upper portion is. the one in which the employee describes the accident and/or injury. The lower portion, entitled “Facility Health Ser *710 vices Report,” is clearly designed for completion by medical personnel. It contains spaces to insert the doctor’s medical findings and the treatment provided.
Under Public Officers Law § 87 (2) (a), an agency may deny access to public records which “are specifically exempted from disclosure by state or federal statute” (see Matter of Dunnigan v Waverly Police Dept., 279 AD2d 833, 834-835 [3d Dept 2001]). As mentioned above, respondent has relied, in part, upon Civil Rights Law § 50-a. Notably however, the accident/ injury reports at issue have not been shown to have any relevancy to the respective officers’ continued employment or promotion. In this respect, the respondent “failed to satisfy its burden of ‘demonstrating that [they] fall[ ] squarely within the exemption’ ” (Matter of Beyah v Goord, 309 AD2d 1049, 1051 [2003], quoting Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d 145, 159 [1999]). As such, the court finds the statutory exemption under Civil Rights Law § 50-a has no application.
This however, does not end the discussion. In the court’s view, the lower portion of the employee accident/injury report is privileged under Public Officers Law § 89 (2) (b) (ii), which exempts from disclosure “items involving the medical or personal records of a client or patient in a medical facility.” Apart from the foregoing, respondent indicates that the Facility Health Services Report falls within the purview of the federal Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d et seq. [hereinafter HIPAA]), which renders it exempt under Public Officers Law § 87 (2) (a). In addition, it appears to be exempt under Public Health Law § 18, which limits access to medical records to “qualified persons,” as that term is defined therein (see Matter of Huston v Turkel, 236 AD2d 283 [1st Dept 1997]; see also Comm on Open Govt FOIL-AO-13019 [2001]). Under the circumstances, the court finds that the lower portion of the employee accident/injury report is exempt from disclosure under Public Officers Law § 89 (2) (b) (ii) and § 87 (2) (a).
Returning to the upper portion of the employee accident/ injury report, as noted, the Appellate Division in the Beyah case {supra) redacted the accident reports under Public Officers Law § 87 (2) (f) to delete information which could “endanger the life or safety of any person” {see Public Officers Law § 87 [2] [f]). While this court finds that the upper portion of the employee accident/injury report must be produced, appropriate redactions must be made to them to protect the confidentiality of personal *711 information of the correction officers, including home addresses, dates of birth, telephone numbers and Social Security numbers, which could endanger the life or safety of the correction officers. Each accident/injury report is on a printed form with numbered boxes or lines. All information in the following boxes and lines should be redacted: 7, 8, 9, 10 and 13 before it is produced.
Lastly, the court observes that in addition to the employee accident/injury reports which the respondent has submitted for in camera review, the respondent included workers’ compensation benefit election forms of two of the correction officers. The court finds that these documents, which were never requested by the petitioner and are not the subject of this proceeding, need not be produced.
The court has reviewed and considered petitioner’s remaining arguments and contentions and finds them to be without merit. The court concludes that the petition must be granted to the limited extent set forth above.
Because the unredacted records were submitted to the court for in camera review, the court, by separate order, will direct that such records be sealed.
Accordingly, it is ordered and adjudged, that the petition is granted in part and denied in part; and it is ordered and adjudged, that the petition is granted to the limited extent of directing that the respondent produce within 30 days the upper portion only of the employee accident/injury reports of Correction Officers Peter Kuc, Richard Knight and Jeffrey W. Claflin redacted to delete information contained in box numbers 7, 8, 9, 10 and 13; and it is ordered and adjudged, that the petition is otherwise denied and dismissed, including but not limited to the lower portion of the employee accident/injury reports of Correction Officers Peter Kuc, Richard Knight and Jeffrey W Claflin and workers’ compensation benefit election forms.

. The additional documents included (1) “a copy of the standardized cover sheet detailing the incident on June 13, 2003 turned over to the State Police or any other Investigative Agency for purposes of prosecution”; (2) “a copy of redacted portions of the log book kept by the inmate records coordinator pertaining to any outside agency that requested legal information with respect to Moshe Canty”; and (3) “a copy of the pending prosecution case form where the superintendent at Southport or his designee provided updates to *708 the Executive Deputy Commissioner or his designee [on] the ease the District Attorney prosecuted with respect to the incident that took place on June 13, 2003 in the main yard at Auburn Correctional Facility.”

. The additional documents are mentioned in exhibit D annexed to the petition, his administrative appeal of the FOIL determination.