■ In the Matter of JAMES McGEE, Appellant, v MICHAEL JOHNSON et al., Respondents. [927 NYS2d 605]—

Contrary to the Supreme Court's conclusion, there is no evidence that the document that is the subject of this appeal, i.e., the Carmel Police Department's (hereinafter the CPD), final determination of a "civilian complaint" made against police officers, was provided to the petitioner in response to his Freedom of Information Law (hereinafter FOIL) (*see* Public Officers Law § 84 *et seq.*) request. Indeed, in arguing that this document was exempt from disclosure under FOIL, the CPD implicitly acknowledged that the document was not provided to the petitioner.

Nonetheless, we affirm the denial of the subject branch of the petition and dismissal of the proceeding because the CPD demonstrated that, under the circumstances, the document is exempt from disclosure pursuant to Public Officers Law § 87 (2) (a) and Civil Rights Law § 50-a (*see Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 157-160 [1999]; *Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs.*, 73 NY2d 26, 33 [1988]; *Matter of Argentieri v Goord*, 25 AD3d 830, 831-832 [2006]; *Matter of Ferrara v Superintendent, N.Y. State Police*, 235 AD2d 874, 874-875 [1997]). Moreover, because the petitioner did not "substantially prevail[ ]" in this proceeding, he is not entitled to an award of attorneys' fees (Public Officers Law § 89 [4] [c]).

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.