# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 31, 2014                517063

_____

In the Matter of SALVATORE
    LETIZIA,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

SUPERINTENDENT GRAHAM et al.,
                    Respondents.

_____

Calendar Date:  June 9, 2014

Before:  Peters, P.J., Rose, Egan Jr., Lynch and Clark, JJ.

_____

        Salvatore Letizia, Sonyea, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondents.

_____

        Appeal from a judgment of the Supreme Court (O'Connor, J.),
entered April 11, 2013 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review, among other things, a determination of
respondent Commissioner of Corrections and Community Supervision
finding petitioner guilty of violating certain prison
disciplinary rules.

        After an incident wherein petitioner repeatedly stabbed
another inmate during an altercation, he was charged in a
misbehavior report with violating the prison disciplinary rules
prohibiting assault, fighting, violent conduct, causing a
disturbance and possessing a weapon.  At the tier III
disciplinary hearing, petitioner pleaded guilty to engaging in
violent conduct and fighting, and he was found guilty of the
remaining charges.  That determination was affirmed upon

administrative appeal. Petitioner also filed a request pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]), but it was partially denied. He commenced the present CPLR article 78 proceeding to challenge the determination of guilt and the partial denial of his FOIL request. Supreme Court dismissed that part of the petition relating to the prison disciplinary proceeding and, after reviewing the withheld documents in camera, issued a second judgment dismissing the petition in its entirety. Petitioner now appeals from the second judgment, which brings up both for review (see CPLR 5501 [a] [1]; Matter of Gomez v Fischer, 101 AD3d 1195, 1196 n [2012]).

We affirm. Dealing first with the prison disciplinary determination, petitioner did not request that any potential witnesses be interviewed prior to the hearing. Our review of the hearing transcript and recording of the hearing itself discloses that petitioner initially declined to call any witnesses at the hearing and, while he stated at one point that he may wish to call unnamed witnesses regarding the motivations of the other inmate for attacking him, he was advised that said motives were irrelevant to the charges and later declined the opportunity to call any witnesses. Under these circumstances, the Hearing Officer properly rejected petitioner's belated request to call unidentified witnesses who may have observed the beginning of the altercation (see Matter of Carota v Goord, 285 AD2d 676, 677 [2001], lv denied 97 NY2d 603 [2001]; Matter of Rodriguez-Aliseo v Selsky, 268 AD2d 739, 740 [2000]). Petitioner's remaining claims regarding the hearing, including that other evidentiary errors were committed during it and that the Hearing Officer was biased, have been considered and rejected.

Turning to petitioner's FOIL request, petitioner was provided all requested records except some relating to the other inmate involved in the altercation. We agree with Supreme Court, however, that the disclosure of those records "would constitute an unwarranted invasion of privacy and could endanger the life or safety of" others (Matter of Deane v Annucci, 248 AD2d 760, 761 [1998], lv denied 92 NY2d 804 [1998]; see Public Officers Law § 87 [2] [b], [f]; Matter of Tate v De Francesco, 217 AD2d 831, 832 [1995], lv denied 86 NY2d 712 [1995]).

                              -3-                    517063

Peters, P.J., Rose, Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court