| Portfolio Media, Inc. v New York State Off. of Ct. Admin. |
|:---:|
| 2025 NY Slip Op 32102(U) |
| June 12, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159592/2022 |
| Judge: Lisa S. Headley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LISA S. HEADELY                          PART            28

                                            *Justice*

-------------------------------------------------------------X     INDEX NO.          159592/2022

PORTFOLIO MEDIA, INC
                              Plaintiff,
                    - v -                                          MOTION DATE        06/20/2024

NEW YORK STATE OFFICE OF COURT
ADMINISTRATION,
                              Defendant.                           MOTION SEQ. NO.         001

                                                                  **DECISION + ORDER ON
                                                                        MOTION**

-------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 17, 18, 19, 20, 21,
22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53,
54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for                     ARTICLE 78 (BODY OR OFFICER)                     .

## Procedural History

On November 8, 2022, petitioner, Portfolio Media, Inc., (hereinafter, "Petitioner") filed this *Article 78* petition for judicial review of the New York State Office of Court Administration's (hereinafter "OCA" or "Respondent") failure to respond to the Petitioner's Freedom of Information Law ("FOIL") request for documents from the Office of the Inspector General ("OIG"). Respondent filed a cross-motion to dismiss the petition on the basis that the *Article 78* petition is time-barred, pursuant to *CPLR §217(1)*. On August 24, 2023, this Court issued a Decision and Order, which granted the Respondent's cross-motion to dismiss the proceeding. (*See*, *NYSCEF Doc. No. 38*). Petitioner filed an appeal, which was granted.

On appeal, the Supreme Court Appellate Division, First Department issued an Order on March 19, 2024, reversing this Court's Decision and Order and reinstating the petition. (*See*, *NYSCEF Doc. No. 41*). On May 13, 2024, the Respondent filed an Answer and Opposition to the Petition seeking the FOIL requests. (*See*, *NYSCEF Doc. Nos. 43 and 44*). Petitioner filed a Reply Memorandum of Law in further support of the Verified Petition. (*See*, *NYSCEF Doc. No. 65*). Then, on June 18, 2024, the Petitioner filed an Amended Notice of Petition. (*See*, *NYSCEF Doc. No. 66*).

## Portfolio Media Inc.'s  Petition for Judicial Review of FOIL Request Denials

The Petitioner is the publisher for Law360, which reports on the New York State Court System. Mr. Frank Runyeon ("Mr. Runyeon") is a reporter with Law360. On April 11, 2022, Mr. Runyeon submitted a FOIL request seeking four categories of documents concerning the operations of the Office of the Inspector General ("OIG"). The request included:

> "1) Any and all **reports, data, tabulations, listings, databases, statistics or records in their native electronic format (xls, PDF, email, etc.) regarding the processing, investigation and/or outcome of complaints by the Office of the Inspector General for New York State Courts since January 1, 2010** -- including but not limited to the Office

of the Managing Inspector General for Bias Matters, Office of the Managing Inspector General for Fiduciary Appointments, or other elements of the OIG's Office. This would include but is not limited to any case-specific complaints, investigative reports, and determinations as well as any annual reports, caseload summaries, subject-matter-specific, other periodic or any other kind of report or summary. For example, responsive documents could include any annual reports on the number of any category of complaints received, investigated and substantiated or unsubstantiated. ("FOIL request #1");

2) **Any rosters, lists or directories of employees who worked for the Office of Inspector General** or who were employed by the OIG since January 1, 2010 -- including but not limited to the Office of the Managing Inspector General for Bias Matters, Office of the Managing Inspector General for Fiduciary Appointments, or the general OIG office. *Annual employee directories for the relevant years would be fine.* ("FOIL request #2");

3) Any **operations or policy manuals** for the Office of the Inspector General or its units (Office of the Managing Inspector General for Bias Matters, Office of the Managing Inspector General for Fiduciary Appointments) since January 1, 2010. ("FOIL request #3"); and

4) Any records related to **funding or budget requests from the OIG's office** or its units (Office of the Managing Inspector General for Bias Matters, Office of the Managing Inspector General for Fiduciary Appointments) since January 1, 2010." ("FOIL request #4").

*(See, Exhibit A, NYSCEF Doc. No. 4).*

**FOIL Request Timeline**

The Petitioner contends that the Respondent, OCA, failed to grant, deny, or acknowledge receipt of the April 11, 2022 FOIL request within five business days as required by *Public Officers Law §89(3)(a).* On May 13, 2022, a month after the FOIL request was made, Mr. Runyeon appealed the constructive denial of the request as permitted under *Public Officers Law §89(3)(a)* ("the Constructive Denial of Appeal"). Then, Mr. Runyeon alleged that OCA failed again to grant or deny the Constructive Denial Appeal within ten business days as required by *Public Officers Law §89(4)(a).* However, on May 17, 2022, Respondent, OCA, acknowledged receipt of the April 11, 2022, FOIL request, without responding to the Constructive Denial Appeal filed in May 2022. OCA replied that it would provide a "status update" on or before June 15, 2022. Then, on June 16, 2022, Respondent, OCA, denied the Petitioner's FOIL request in its entirety. On June 23, 2022, respondent OCA responded to the Petitioner's Constructive Denial Appeal filed in May 2022, and denied the appeal as moot based upon the correspondence on June 16, 2022, wherein respondent OCA denied the FOIL request. On June 23, 2022, Mr. Runyeon then filed an appeal to OCA's June 16, 2022 denial.

Subsequently, on July 8, 2022, OCA granted, in part, the petitioner's June 23, 2022, appeal. OCA explained that a status update or a production of record would be made within 20 days of that communication, and then on July 27, 2022, Respondent OCA produced some records. Subsequently, Mr. Runyeon made inquiries about whether additional records would be forthcoming, to which OCA responded on August 5, 2022, with a "final response" and cited the intra-agency exception, and for the first time, the privacy exception. *(See, Exhibit I, NYSCEF Doc. No. 12).*

On September 4, 2022, Mr. Runyeon filed an appeal of the August 5, 2022 "final response." On September 22, 2022, OCA responded to the appeal, and explained that pursuant to *Public Officers Law §89(4),* Mr. Runyeon was not entitled to additional appeals of OCA's determination

159592/2022   PORTFOLIO MEDIA, INC vs. NEW YORK STATE OFFICE OF COURT
ADMINISTRATION
Motion No. 001

Page 2 of 6

2 of 6

of the original April 11, 2022 FOIL request. (*See, Exhibit K, NYSCEF Doc. No. 14*). Thereafter on November 8, 2022, the Petitioner, Mr. Runyeon's employer, filed the instant *Article 78* petition seeking an Order directing the Respondent to comply with petitioner's FOIL request and to produce the requested documents.

## DISCUSSION

*Public Officers Law §87(2)(g)* states:

(2) Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except those records or portions thereof that may be withheld pursuant to the exceptions of rights of access appearing in this subdivision. A denial of access shall not be based solely on the category or type of such record and shall be valid only when there is a particularized and specific justification for such denial. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that: are inter-agency or intra-agency materials which are not: (g) i. statistical or factual tabulations or data; ii. instructions to staff that affect the public; iii. final agency policy or determinations; iv. external audits, including but not limited to audits performed by the comptroller and the federal government[.]"

*Public Officers Law § 87(2)(g).*

The privacy exception delineated in *Public Officers Law §89(2)(b)* states:

(b) An unwarranted invasion of personal privacy includes. but shall not be limited to:

i. disclosure of employment, medical or credit histories or personal references of applicants for employment;

ii. disclosure of items involving the medical or personal records of a client or patient in a medical facility;

iii. sale or release of lists of names and addresses if such lists would be used for solicitation or fund-raising purposes;

iv. disclosure of information of a personal nature when disclosure would result in economic or personal hardship to the subject party and such information is not relevant to the work of the agency requesting or maintaining it;

v. disclosure of information of a personal nature reported in confidence to an agency and not relevant to the ordinary work of such agency;

vi. information of a personal nature contained in a workers' compensation record, except as provided by section one hundred ten-a of the workers' compensation law;

vii. disclosure of electronic contact information, such as an e-mail address or a social network username, that has been collected from a taxpayer under section one hundred four of the real property tax law; or

viii. disclosure of law enforcement arrest or booking photographs of an individual unless public release of such photographs will serve a specific law enforcement purpose and disclosure is not precluded by any state or federal laws.

*Public Officers Law §89(2)(b).*

**159592/2022 PORTFOLIO MEDIA, INC vs. NEW YORK STATE OFFICE OF COURT ADMINISTRATION**
**Motion No. 001**

Page 3 of 6

The Respondent submits, *inter alia*, the Affirmation of Brielle Christian, Deputy Counsel to OCA (*see, NYSCEF Doc. No. 44*); the Affirmation of Kay-Ann Porter Campbell ("the Campbell Affirmation), the Inspector General of the OCA (*see, NYSCEF Doc. No. 58*); and the Memorandum of Law on behalf of Respondent (*see, NYSCEF Doc. No. 59*). In opposition, Respondent asserts that the Petitioner already received record responses to FOIL Request # 2, seeking *inter alia* **rosters, lists or directories of employees who worked for the Office of Inspector General**. Specifically, on July 27, 2022, the Respondent provided a response to FOIL Request #2, "by providing a list of current OIG staff titled, a list of all former OIG staff with titles, including dates each former staff member departed from service, as well as the Administrative Order which created the OIG.

Respondent also claims that they responded to FOIL Request # 3, seeking *inter alia*, **operations or policy manuals**. Specifically, as to Request #3, Respondent provided petitioner with the publicly available website for the OIG, which contains information as to the operations of the OIG. Therefore, the petition is moot as to categories 2 and 3. (*See, NYSCEF Doc. No. 59*). Respondent also contends that they provided the following substantive responses to Mr. Runyeon's FOIL Requests # 2 and # 3.

## FOIL REQUEST #1

The information requested under FOIL request #1, includes complaints, interview notes, witness statements, investigative memoranda, audio recordings, reports, case files, and other related records. Respondent argues that OCA is justified in denying the FOIL Request #1 for post-investigative memorandum and corresponding case filed in the Bias Matters Unit, and Fiduciary Appointments Unit. Respondent submits that the Petitioner was advised on August 5, 2022, that other than case-specific complaints, investigative reports and determinations, there were no additional records to provide in response to FOIL Request #1.

The Respondent determined that all of the documents pertaining to FOIL Request #1, and some pertaining to FOIL Request #4 were withheld pursuant to the intra agency exception under *Public Officers Law § 87(2)(g)*; and the privacy exception under *Public Officer Law § 89(2)(b)*.Thus, the Respondent argues that the administrative determinations of the FOIL Request are judicially reviewable under *CPLR §7803(3)*, which states that "[t]he only question that may be raised in a proceeding under this article is whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed." *See, CPLR § 7803(3)*.

The Respondent also argues that the administrative determinations are protected by confidentiality provisions, and certain requests are not available with the OIG. Specifically, the defendant submits that according to *Part 50 of the Rules of the Chief Judge and UCS Employee Conduct Policies*, the UCS's "confidentiality provision does not state that witness names, witness testimony, or names of the subject of the investigation would be made available to anyone within UCS or outside of UCS." Respondent also references *22 NYCRR Part 36 Appointments by the Courts*, which states that all investigations are confidential and remain with files maintained exclusively by the OIG, with access only to the OCA Counsel's office. In addition, the Campbell Affirmation states that the OIG does not generate any audit reports and that the Internal Audit Services is a separate division of the OCA. (*See, NYSCEF Doc. No. 58*).

In opposition, Petitioner argues, *inter alia*, that the Court in reviewing the denial of a FOIL request must "presume that all records of a public agency are open to public inspection and copying" and the agency "bear[s] the burden of showing that the records fall squarely within an

159592/2022  PORTFOLIO MEDIA, INC vs. NEW YORK STATE OFFICE OF COURT
ADMINISTRATION
Motion No. 001

Page 4 of 6

[* 4]

exemption to disclosure." Citing to *New York Comm. For Occupational Safety & Health v. Bloomberg*, 72 A.D.3d 153, 158 (1st Dep't 2010). The Petitioner asserts that the FOIL request is not limited to the records within OIG's possession, rather the request is directed to the Unified Court System as a whole as to Request #1.

The undisclosed information sought under FOIL request #1 pertains to complaints, interview notes, witness statements, investigative memoranda, audio recordings, reports, case files, and other related records The Petitioner contends that the intra-agency exception does not apply because the requested documents are final agency determinations and are factual information, neither of which are subject to the exemption. The Petitioner further contends that at most, OCA ought to redact non-factual information, but the information sought is subject to disclosure.

The question therefore is whether the investigative memorandum and the case file qualify for non-disclosure under the privacy exception. "Case law recognizes a compelling public interest in the job performance of public officials which, in most circumstances, is found to outweigh the official's personal privacy interests." See, e.g., *Mulgrew v. Bd. of Educ. of City Sch. Dist. of City of New York*, 87 AD3d 506, 508 (1st Dept. 2011); see also, *Lockwood v. Nassau Cnty. Police Dep't*, 78 Misc. 3d 1219(A), 185 N.Y.S.3d 657 (N.Y. Sup. Ct. 2023). *Public Officers Law §89(2)(b)* provides that the agency may "delete identifying details when it makes records available." *Public Officers Law §89(2)(b)*. Here, the Respondent contends that the information provided by witnesses and other persons interviewed for an investigation are subject to confidentiality. Respondent further contends that OIG also investigates complaints against its employees for actions outside of the workplace, and that should not be subject to disclosure under FOIL. The Petitioner, on the other hand, contends that the privacy exception does not justify withholding the documents sought in their entirety.

This Court finds that FOIL Request #1 seeks some information that would be covered under *Public Officers Law §89(2)(b)*. As such, information including, the disclosure of employment, medical or credit histories or personal references of applicants for employment shall not be permitted for disclosure. *Id*. Nonetheless, information sought by the Petitioner, including the interview notes and investigative memoranda, must be redacted. Furthermore, if redaction of the identifying information would still violate the privacy exception under *Public Officers Law §89(2)(a)*, the documents must not be disclosed. *See also, Beyah v. Goord*, 309 A.D.2d 1049, 1053, 766 N.Y.S.2d 222, 227 (3d Dep't 2003); *Harris v. City University of New York, Baruch College*, 114 A.D.2d 805, 495 N.Y.S.2d 175 (1st Dep't 1985). [Redaction of identifying names allowed where deletion would not impede petitioner's ability to compare his credentials to those of other professional employees but would protect individuals involved from unwarranted invasion of their personal privacy]. Accordingly, this Court finds that the portion of the petition compelling disclosure of FOIL Request #1 is granted in part, and to the extent that identifying information, including names and addresses, in the "complaints, interview notes, witness statements, investigative memoranda, audio recordings, reports, case files" must be redacted. *See, Public Officers Law §89(2)(b)*.

**FOIL REQUEST #4**

FOIL Request #4 seeks "[a]ny records related to **funding or budget requests from the OIG's office or its units**[.]" In opposition, the Respondent claims it provided petitioner with approximately 54 pages of budget requests and workload analyses." (*See, NYSCEF Doc No. 44 at ¶34*). Respondent also argues that OCA is justified in denying a portion of FOIL request #4, with respect to the internal discussion of OIG budget requests. The Petitioner claims that the withheld

159592/2022  PORTFOLIO MEDIA, INC vs. NEW YORK STATE OFFICE OF COURT ADMINISTRATION
Motion No. 001

Page 5 of 6

5 of 6

information, include approximately 12 internal email exchanges between members of the OIG leadership team based on the intra-agency exemption.

"A denial of access shall not be based solely on the category or type of such record and shall be valid only when there is a particularized and specific justification for such denial." *See, Public Officers Law §87(2)(g)*. "The intra-agency and inter-agency exemptions allow an agency to withhold records prepared by an independent outside consultant, so long as the agency has retained that consultant, and it functions as the agency's employee or agent." *See, Weinstock v. New York State Urb. Dev. Corp.*, 81 Misc. 3d 977, 985 86, 199 N.Y.S.3d 794, 802 (N.Y. Sup. Ct. 2023). [Citations omitted]. "The exemption encourages 'people within an agency to exchange opinions, advice and criticism freely and frankly, without the chilling prospect of public disclosure'." *Id*. "Thus, records that reflect 'opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making' are exempt from disclosure… in contrast to factual data or objective information, which must be disclosed." *Id. at 803*.

Here, the FOIL Request #4 pertains to the internal discussions of the OIG budget, which do not squarely fall within any of the above-mentioned categories under *Public Officers Law §87(2)(g)*. Accordingly, the petitioner's request for disclosure of FOIL Request #4, including the undisclosed e-mails that contain "factual data or objective information", is granted.

Accordingly, it is hereby

**ORDERED** that the portion of the petition compelling disclosure of FOIL Requests #2 and #3 is moot for the reasons stated herein; and it is further

**ORDERED** that the portion of the petition compelling disclosure of FOIL Request #1 is GRANTED IN PART, and to the extent that identifying information, including names and addresses, in the "complaints, interview notes, witness statements, investigative memoranda, audio recordings, reports, case files" must be redacted; and it is further

**ORDERED** that the petition request for disclosure of FOIL Request #4, is GRANTED to the extent that the petitioner shall be entitled to information sought in undisclosed e-mails that contain only "factual data or objective information"; and it is further

**ORDERED** that within 30 days of entry, Petitioner shall serve a copy of this decision/order upon the Respondent with notice of entry; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision and Order of the Court.

| 6/12/2025 | |
| --- | --- |
| DATE | HON. LISA S. HEADLEY |

| CHECK ONE: | [ ] CASE DISPOSED | [X] NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | [ ] GRANTED | [ ] DENIED | [X] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

159592/2022  PORTFOLIO MEDIA, INC vs. NEW YORK STATE OFFICE OF COURT ADMINISTRATION
Motion No. 001

Page 6 of 6

[* 6]

6 of 6