[641 NYS2d 411]

In the Matter of RUBERTI, GIRVIN & FERLAZZO, P. C.,
Respondent-Appellant, v NEW YORK STATE DIVISION OF
STATE POLICE, Appellant-Respondent.

Third Department, April 18, 1996

APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Frank K. Walsh* of counsel), for appellant-respondent.

*Ruberti, Girvin & Ferlazzo, P. C.,* Albany *(E. Michael Ruberti* of counsel), for respondent-appellant.

## OPINION OF THE COURT

CREW III, J.

Petitioner, a law firm, represents certain female members of respondent who believe that they have been the victims of gender-based discrimination. By letter dated April 22, 1993, petitioner sought access under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) to certain documents relating to respondent's promotional processes. Insofar as is relevant to this appeal, the requested documents

included (1) test scores obtained on the written promotional examinations for the positions of lieutenant and sergeant, categorized by gender, (2) scores on the performance evaluations for those members who took and/or passed the aforesaid examinations, categorized by gender, (3) scores on oral interviews for those members who took and/or passed the promotional examination for the position of lieutenant, categorized by gender, (4) the troop, zone and station assignment of each sworn member of respondent, (5) the educational degrees possessed by respondent's civilian employees, (6) all complaints of discrimination and harassment made against respondent's members filed with respondent, certain enumerated agencies or courts, (7) personnel complaints made against respondent's members, and (8) records of any findings made by a court or government agency that respondent engaged in gender discrimination or harassment.

Access to the cited records ultimately was denied on various grounds and, following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to compel respondent to disclose the requested documents. Supreme Court granted petitioner's request to the extent that it ordered disclosure of the various test scores, the educational degrees possessed by respondent's civilian employees, information pertaining to complaints of discrimination and any findings of courts or government agencies relating to gender discrimination or harassment. Supreme Court denied petitioner's request insofar as it pertained to the troop, zone and station assignments of respondent's sworn members, reasoning that respondent had established that the release of such information could jeopardize the safety of those officers, and, further, denied petitioner's request for counsel fees. These cross appeals ensued.

It is well settled that all agency records are presumptively available for public inspection and copying, unless the documents in question fall within one of the enumerated exemptions set forth in Public Officers Law § 87 (2) (see, *Matter of Hanig v State of N. Y. Dept. of Motor Vehicles*, 79 NY2d 106, 109; *Matter of Legal Aid Socy. v New York State Dept. of Social Servs.*, 195 AD2d 150, 152). Inasmuch as FOIL is designed to grant the public "maximum access to the records of government" (*Matter of Capital Newspapers v Whalen*, 69 NY2d 246, 252), the exemptions available thereunder are to be narrowly construed, and "the agency seeking to prevent disclosure bears the burden of demonstrating the applicability of the particular

exemption claimed" (*Matter of Legal Aid Socy. v New York State Dept. of Social Servs.*, *supra*, at 153; *see*, *Matter of Hanig v State of N. Y. Dept. of Motor Vehicles*, *supra*, at 109). Moreover, the agency at issue must "articulat[e] a particularized and specific justification for denying access" to the requested documents (*Matter of Capital Newspapers v Burns*, 67 NY2d 562, 566).

■ Respondent initially contends that the various scores obtained by its members on certain promotional examinations and evaluations (item Nos. 1 through 5 of petitioner's request) and any personnel or discrimination complaints filed against respondent's members from January 1, 1973 through the present (item Nos. 22 through 24 of petitioner's request) constitute "personnel records" within the meaning of Civil Rights Law § 50-a (1) and, hence, are exempt from disclosure pursuant to Public Officers Law § 87 (2) (a), which permits an agency to deny access to records or portions thereof that "are specifically exempted from disclosure by state or federal statute". We agree.

Civil Rights Law § 50-a (1) provides, in relevant part, that "[a]ll personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof * * * shall be considered confidential and not subject to inspection or review without the express written consent of such police officer". In this regard, it cannot seriously be argued that the test scores at issue, as well as any personnel or discrimination complaints filed against respondent's members, fail to qualify as "personnel records" within the meaning of Civil Rights Law § 50-a (1). Not only did respondent's Assistant Deputy Superintendent for Administration aver that such scores and complaints are in fact used to evaluate the performance and employment status of respondent's members, but courts have recognized, and indeed it is readily apparent, that the records at issue here, particularly those relating to complaints of misconduct, are the very types of documents that the statute was designed to protect in the first instance (*see, e.g.*, *Matter of Prisoners' Legal Servs. v New York State Dept. of Correctional Servs.*, 73 NY2d 26, 31; *Matter of Lyon v Dunne*, 180 AD2d 922, 923, *lv denied* 79 NY2d 758; *Matter of Gannett Co. v James*, 86 AD2d 744, 745, *lv denied* 56 NY2d 502). ·

Moreover, we believe that affording the documents at issue the protection offered by Civil Rights Law § 50-a (1) is entirely

498

consistent with the underlying purpose of the statute—namely, to "prevent[ ] the use of personnel records as a device for harassing or embarrassing police and correction officers" (*Matter of Prisoners' Legal Servs. v New York State Dept. of Correctional Servs., supra,* at 32). In this regard, the Court of Appeals has made clear that application of Civil Rights Law § 50-a (1) is in no way limited to ongoing litigation matters and that only those records having "remote or no such potential use" will fall outside the scope of the statute (*supra,* at 33). As the information sought plainly relates to the claims of gender discrimination made by petitioner's clients, it cannot be said that the requested documents would have little or no potential use in any lawsuit commenced against respondent or any of its members on that ground. Accordingly, item Nos. 1 through 5 and Nos. 22 through 24 are deemed exempt from disclosure under Civil Rights Law § 50-a (1) and Public Officers Law § 87 (2) (a).*

■ We reach a contrary conclusion, however, with respect to respondent's asserted basis for refusing to disclose the educational background of its civilian employees. Respondent contends that such information is exempt from disclosure under Public Officers Law § 87 (2) (b), which permits an agency to deny access to records or portions thereof if disclosure "would constitute an unwarranted invasion of personal privacy under [Public Officers Law § 89 (2)]". An unwarranted invasion of personal privacy includes, but is not limited to, the "disclosure of employment, medical or credit histories or personal references of applicants for employment" (Public Officers Law § 89 [2] [b] [i]) or the "disclosure of information of a personal nature when disclosure would result in economic or personal hardship to the subject party and such information is not relevant to the work of the agency requesting or maintaining it" (Public Officers Law § 89 [2] [b] [iv]). Additionally, "[w]hat constitutes an unwarranted invasion of personal privacy is measured by what would be offensive and objectionable to a reasonable [person] of ordinary sensibilities" (*Matter of Dobranski v Houper,* 154 AD2d 736, 737).

In our view, an individual's educational background, i.e., the level of education attained and the particular institutions attended, does not constitute an employment, medical or credit

* In light of this conclusion, we need not address respondent's alternative argument that the release of such information also would constitute an unwarranted invasion of personal privacy under Public Officers Law § 87 (2) (b).

history within the meaning of Public Officers Law § 89 (2) (b) (i). Nor are we persuaded that a reasonable person of ordinary sensibilities would find it offensive and objectionable to have such information disclosed, and respondent has offered nothing but conclusory allegations to substantiate its claim that the disclosure of this information would result in economic or personal hardship to its civilian employees. Accordingly, Supreme Court properly concluded that the information sought in item No. 10 (f) is not exempt from disclosure under Public Officers Law § 89 (2) (b) (i) or (iv).

■ Finally, respondent argues that it cannot respond to the request in item No. 25 for any findings made by a court or government agency that it has engaged in gender discrimination or harassment, because such records do not exist in a "central file" and, further, that FOIL does not require that it review every litigation or personnel file in search of such information (citing *Matter of Gannett Co. v James,* 86 AD2d 744, 745, *supra*). Although the record before this Court contains conflicting proof regarding the nature of the files actually maintained by respondent in this regard, an agency seeking to avoid disclosure cannot, as respondent essentially has done here, evade the broad disclosure provisions of FOIL by merely asserting that compliance could potentially require the review of hundreds of records (*see, Matter of Konigsberg v Coughlin,* 68 NY2d 245, 249).

■ The arguments raised by petitioner on its cross appeal do not merit extended discussion. Initially, we are satisfied that respondent met its burden of demonstrating that the disclosure of the troop, zone and station assignments of each of its sworn members could endanger the life and safety of those officers. Public Officers Law § 87 (2) (f) exempts from disclosure documents which, "if disclosed would endanger the life or safety of any person", and the agency in question need only demonstrate "a possibility of endanger[ment]" in order to invoke this exemption (*Matter of Connolly v New York Guard,* 175 AD2d 372, 373). As that standard has been met here, disclosure of the information requested in item No. 9 (b) was properly denied.

■ Nor are we persuaded that Supreme Court abused its discretion in denying petitioner's request for counsel fees. Counsel fees may be imposed against an agency opposing a FOIL request if (1) the petitioning party substantially prevailed, (2) the record involved was of a clearly significant interest to the general public, and (3) the agency in question lacked a rea-

sonable basis for withholding the requested documentation (Public Officers Law § 89 [4] [c] [i]-[ii]; *see, Matter of Legal Aid Socy. v New York State Dept. of Social Servs.*, 195 AD2d 150, 153, *supra*). All three requirements must be met and, even then, the award of counsel fees lies within the trial court's sound discretion (*see, Matter of Legal Aid Socy. v New York State Dept. of Social Servs., supra*, at 154). We perceive no abuse of that discretion here. The parties' remaining contentions have been examined and found to be lacking in merit.

CARDONA, P. J., WHITE, YESAWICH JR. and SPAIN, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed respondent to provide petitioner with the records requested in item Nos. 1 through 5 and Nos. 22 through 24 of petitioner's FOIL request; said items are deemed exempt under FOIL, petitioner's access thereto is denied and those portions of the petition relating thereto are dismissed; and, as so modified, affirmed.