■ In the Matter of CLIFFORD HOWARD, Appellant, v BRIAN MALONE, as Inspector General, State of New York Department of Correctional Services, Respondent. [668 NYS2d 418] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered May 7, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.

Petitioner, a prison inmate, was convicted in 1992 of the murder of a fellow inmate. He now appeals from a judgment which dismissed his CPLR article 78 proceeding challenging respondent's denial of his request under the Freedom of Information Law (Public Officers Law art 6) to obtain the name of the individual(s) who had transmitted or forwarded certain reports concerning interviews with two prosecution witnesses to law enforcement officials, the date the reports were sent and the name or names of those persons to whom the reports were sent. In our view, respondent set forth a "particularized and specific justification for denying access" (*Matter of Capital Newspapers v Burns*, 67 NY2d 562, 566). Recognizing that the information petitioner sought pertained to the criminal

investigation surrounding his murder conviction and that disclosure could subject certain individuals to retribution, we conclude, as did Supreme Court, that the names and dates petitioner sought were within the exemption from disclosure for those materials which "if disclosed would endanger the life or safety of any person" (Public Officers Law § 87 [2] [f]; *see, Matter of Ruberti, Girvin & Ferlazzo v New York State Div. of State Police,* 218 AD2d 494, 499 [agency need only demonstrate a possibility of endangerment]) or which could "identify a confidential source or disclose confidential information relating to a criminal investigation" (Public Officers Law § 87 [2] [e] [iii]). Accordingly, the judgment dismissing the petition is affirmed.

Cardona, P. J., Mikoll, Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.