■ In the Matter of CAPITAL NEWSPAPERS DIVISION OF THE HEARST CORPORATION et al., Appellants, v CITY OF ALBANY et al., Respondents. [881 NYS2d 214]—

Kane, J. Appeal from a judgment of the Supreme Court (McDonough, J.), entered July 23, 2008 in Albany County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul two determinations of respondent City of Albany denying petitioners' Freedom of Information Law requests.

In January 2006, petitioner Brendan Lyons, a senior writer for the Albany Times Union, filed two requests under the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) with respondent City of Albany. The FOIL requests sought documents pertaining to the alleged use of official Albany Police Department channels to purchase military-style assault rifles for personal, nonofficial use by a number of individual police officers in the 1990s. The City denied the FOIL requests based upon an exemption for inter-agency or intra-

agency materials (*see* Public Officers Law § 87 [2] [g]). On administrative appeal by Lyons and his employer, the City's records appeals officer released one document but upheld denial as to the remaining documents based upon the exemptions for inter-agency or intra-agency materials and records which could endanger a person's life or safety (*see* Public Officers Law § 87 [2] [f], [g]).

In August 2006, petitioners commenced this proceeding challenging the City's determination (*see* Public Officers Law § 89 [4] [b]). After Supreme Court (Hard, J.) denied the City's motion to dismiss the petition, the City answered. In October 2007, respondent Albany Police Officers Union moved to intervene. The court granted the motion without opposition. The Union opposed disclosure of documents under Civil Rights Law § 50-a. In June 2008, Supreme Court (McDonough, J.) held that many of the documents could be disclosed, but that any documents or portions thereof which identified police officers were exempt from disclosure under Civil Rights Law § 50-a. Petitioners appeal.[1]

While agency records are presumptively available for public inspection and disclosure under FOIL (*see Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]; *Matter of Beyah v Goord*, 309 AD2d 1049, 1049 [2003]), an agency may deny access to records which "are specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87 [2] [a]). One such exemption is found in Civil Rights Law § 50-a (1), which provides that "[a]ll personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency . . . shall be considered confidential and not subject to inspection or review." The City has the burden of proving that the exemption applies (*see* Public Officers Law § 89 [4] [b]; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d at 566; *Matter of Beyah v Goord*, 309 AD2d at 1050).

To determine whether the "gun tags" are exempt from disclosure under these statutes, we must first decide if they are "personnel records." Civil Rights Law § 50-a does not exten-

---

1. The judgment required the City to turn over redacted documents to Supreme Court within seven days. Although the record does not make clear what documents were turned over, with or without redaction, it appears that the only records at issue are 42 "gun tags." While, again, the record does not make clear exactly what these documents actually are, the parties apparently agree that the gun tags are identification tags put on the guns returned to the police department by individuals who had the guns in their personal possession. Those tags each contain an individual's name, a serial number and some sort of identification number.

sively define or qualify what documents constitute "personnel records," other than requiring that they be under a police agency's control and be used to evaluate the employee's performance for continued employment or promotion (*see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs.*, 73 NY2d 26, 31 [1988]). The Court of Appeals has clarified that personnel records include those documents "containing personal, employment-related information about a public employee . . . ; are received, processed and maintained as part of a [public employer's] operations; and . . . 'are clearly relied upon in evaluating the employee's performance' " (*id.* [citations omitted]; *see Matter of Argentieri v Goord*, 25 AD3d 830, 831 [2006]). "[W]hether a document qualifies as a personnel record under Civil Rights Law § 50-a (1) depends upon its nature and its use in evaluating an officer's performance" (*Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs.*, 73 NY2d at 32). Documents pertaining to an officer's misconduct are the type of records specifically intended to be kept confidential under the statute, mainly to prevent use of the records in litigation to harass, embarrass, degrade or impeach an officer's integrity (*see Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 157-158 [1999]; *Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs.*, 73 NY2d at 31-32; *Matter of Ruberti, Girvin & Ferlazzo v New York State Div. of State Police*, 218 AD2d 494, 497-498 [1996]; *see also Matter of Argentieri v Goord*, 25 AD3d at 831-832).

The gun tags that include the names of current or former police officers are personnel records.[2] Although these documents each contain only an individual's name and a gun serial number, when coupled with other information they may be used to implicate officers in misconduct—namely illegal personal possession of assault rifles and misuse of the City's tax-exempt status to avoid excise taxes when purchasing the guns. According to the City's chief of police, documents in the investigative file concerning this gun scandal would be used to evaluate continued employment and promotion of officers. As the gun tags are the type of documents that, when considered in conjunction with other investigative records, could be used to impose discipline or affect continued employment or promo-

2. Because of the lack of record information regarding the gun tags, it is unclear whether all of the individuals whose names appear on the gun tags are police officers. A gun tag containing the name of any individual who is not a current or former employee cannot be considered a personnel record of a police agency and, therefore, must be disclosed without redaction.

tions—whether or not they were actually used for that purpose[3] —they constitute personnel records (*compare Matter of Argentieri v Goord*, 25 AD3d at 831-832; *Matter of Ruberti, Girvin & Ferlazzo v New York State Dept. of State Police*, 218 AD2d at 497-498).

While the gun tags are personnel records, redacting the names of any current or former police department employees would adequately protect the individual officers. Accordingly, the City must disclose the redacted gun tags (*see Matter of Humane Socy. of U.S. v Empire State Dev. Corp.*, 53 AD3d 1013, 1018 [2008], *lv denied* 12 NY3d 701 [2009]; *compare* Public Officers Law § 89 [2] [c] [i]).

Supreme Court did not abuse its discretion in denying petitioners' request for counsel fees. The court "may" award counsel fees and costs to a party who substantially prevails in a proceeding challenging a FOIL denial where the records involved were of clearly significant interest to the general public and the agency had no reasonable basis in law for withholding the records (Public Officers Law § 89 [4] [c]; *see Matter of Henry Schein, Inc. v Eristoff*, 35 AD3d 1124, 1125-1126 [2006]). Even if all of the statutory requirements are met, however, "an award of counsel fees still lies within the sound discretion of the trial court" (*Matter of Grace v Chenango County*, 256 AD2d 890, 891-892 [1998]; *see Matter of Henry Schein, Inc. v Eristoff*, 35 AD3d at 1126; *Matter of Corvetti v Town of Lake Pleasant*, 239 AD2d 841, 843 [1997]). Here, we cannot say that the court abused its discretion.

Cardona, P.J., and Lahtinen, J., concur.

McCarthy, J. (concurring in part and dissenting in part). We agree with the majority's analysis that, as to current members of the Albany Police Department, respondent City of Albany met its burden of demonstrating that the subject gun tags are personnel records within the meaning of Civil Rights Law § 50-a (1) and the litany of cases interpreting it (*see e.g. Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145 [1999]; *Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs.*, 73 NY2d 26 [1988]; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562 [1986]; *Matter of Argentieri v Goord*, 25 AD3d 830 [2006]; *Matter of Ruberti, Girvin & Ferlazzo v New York State Div. of State Police*,

---

3. Because of time limitations contained in the collective bargaining agreement between the City and the Union, none of the officers involved in the gun scandal was subject to discipline concerning that situation. Neither this circumstance, nor the retirement or death of a police officer, deprives the tags of their character as personnel records.

218 AD2d 494 [1996]). We also agree with the majority's finding that any gun tag containing the name of an individual who is not a current or former employee of the Albany Police Department cannot be considered a personnel record under Civil Rights Law § 50-a (1) and, therefore, must be disclosed without redaction. However, we are unable to agree with the majority's finding that, as to *former* members of the Albany Police Department, the City met its burden of demonstrating that the subject gun tags are indeed personnel records within the meaning of Civil Rights Law § 50-a (1). In our view, any gun tag containing the name of an individual who is no longer employed by the Albany Police Department cannot be considered a personnel record under Civil Rights Law § 50-a (1) (*see* Comm on Open Govt FOIL-AO-12423 [2000]) and, therefore, must also be disclosed without redaction. It is on this basis that we respectfully dissent.

There can be no dispute that the City bore the burden of proving that the Civil Rights Law § 50-a (1) exemption applied to the information sought by petitioner Brendan Lyons (*see* Public Officers Law § 89 [4] [b]). Indeed, "the agency or other party opposing disclosure of officers' personnel records carries the burden of demonstrating that the requested information falls *squarely* within the exemption" (*Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d at 158-159 [emphasis added]; *see Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d at 566; *Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]). Moreover, because exemption from disclosure is being asserted pursuant to Civil Rights Law § 50-a, the City "must demonstrate a *substantial and realistic potential*" of the abusive use of the records against the police officers (*Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d at 159 [emphasis added]). While the affidavit of the City's chief of police was sufficient to demonstrate that this exemption applies as to current police officers, his affidavit was not sufficient to demonstrate its applicability to former police officers.

According to the chief of police, the subject gun tags are part of a file stemming from an investigation of this incident by the Albany Police Department's Office of Professional Standards. The chief of police averred that investigations of this nature "are always reviewed and considered when evaluating and/or promoting an officer." He further averred that, while those police officers allegedly involved in this incident can no longer be subject to discipline because of time limitations contained within the collective bargaining agreement, "the investigation file would still be used to evaluate performance toward continued

employment." While these averments were most appropriately relied upon by the majority in reaching its conclusion that the gun tags constitute personal records as to current police officers, they cannot be reasonably extended and applied to former police officers. Simply put, any individual who is no longer employed by the Albany Police Department is not being evaluated or considered for a "promotion" or "continued employment." Significantly, the chief of police's affidavit is silent on the need to shield gun tags from disclosure under Civil Rights Law § 50-a (1) with respect to former members of the Albany Police Department.* Any rationale now articulated or adopted would be based on pure speculation and without any record support.

Giving due consideration to the well-settled precepts that "government records are presumptively open, statutory exemptions are narrowly construed, and the [agency opposing disclosure] must articulate a particularized and specific justification for nondisclosure" (*Matter of New York Civ. Liberties Union v City of Schenectady*, 2 NY3d 657, 661 [2004] [internal quotation marks and citations omitted]; *see Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106, 109-110 [1992]; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 79-80 [1984]; *Matter of Fink v Lefkowitz*, 47 NY2d at 571), we are compelled to conclude that the City did not carry its burden of demonstrating that the gun tags fall squarely within the exemption outlined under Civil Rights Law § 50-a (1) with respect to former police officers (*see* Comm on Open Govt FOIL-AO-12423 [2000]). Therefore, any gun tag bearing the name of such individual should be disclosed without redaction.

We would, therefore, modify Supreme Court's order by reversing so much thereof as denied the request for the subject gun tags and require disclosure of same with only the names of *current* members of the police department redacted.

Peters, J., concurs. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied petitioners access to the gun tags; petition granted to that extent with the names of any current or former City of Albany Police Department employees redacted; and, as so modified, affirmed.

---

* The chief of police did not, for example, make a showing that any former police officer is still involved in an open case such that there was a "substantial and realistic" possibility that this information could be used in litigation to degrade, embarrass, harass or impeach the integrity of such police officer (*Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d at 159). This showing was particularly critical here since the requested information and the alleged gun purchases date back to the early 1990s. It is therefore quite possible that individuals identified on any given number of gun tags have been retired for more than a decade.