OPINION OF THE COURT
Peters, PJ.
Petitioner Brendan Lyons is a journalist employed as a reporter for the Albany Times Union, a newspaper owned by *34 petitioner Hearst Corporation. In September 2011, Lyons submitted a request pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) for all records maintained by respondent pertaining to an alleged hit- and-run committed by Brian Beardsley, an off-duty State Trooper, in the Town of Broadalbin, Fulton County in May 2011. Respondent denied the request, claiming that the records were exempt from disclosure under Civil Rights Law § 50-a. Following an unsuccessful administrative appeal, petitioners commenced this CPLR article 78 proceeding seeking an order directing respondent to turn over the requested records, as well as an award of costs and counsel fees. Respondent made a pre-answer motion to dismiss the petition pursuant to CPLR 3211 for failure to state a cause of action and failure to join a necessary party. Supreme Court, concluding that the requested records were exempt from disclosure under Civil Rights Law § 50-a and that Beardsley was a necessary party, granted the motion and dismissed the petition. Petitioners appeal.
Under FOIL, agency records are presumptively available for public inspection, without regard to the need or purpose of the applicant, unless the requested documents fall within one of the exemptions set forth in Public Officers Law § 87 (2) (see Matter of Buffalo News v Buffalo Enter. Dev. Corp., 84 NY2d 488, 492 [1994]; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986]; Matter of TJS of N.Y., Inc. v New York State Dept, of Taxation & Fin., 89 AD3d 239, 241 [2011]; Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills, 74 AD3d 1417, 1418 [2010], affd 18 NY3d 42 [2011]). Public Officers Law § 87 (2) (a) permits an agency to deny access to public records which “are specifically exempted from disclosure by state or federal statute.” One such exemption is found in Civil Rights Law § 50-a (1), which provides that “[a]ll personnel records used to evaluate performance toward continued employment or promotion, under the control of any police agency ...[,] shall be considered confidential and not subject to inspection or review.” As with all statutory exemptions to disclosure under FOIL, this exemption must be narrowly construed and respondent, as the agency opposing disclosure, “carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access” (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 566; see Matter of Town of Waterford v New York State Dept, of Envtl. Conservation, 18 NY3d 652, *35 657 [2012]; Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462-463 [2007]; Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996]).
Initially, we reject petitioners’ contention that, as a matter of law, Civil Rights Law § 50-a does not apply to records related to former officers.[1] As noted, the statute exempts from disclosure personnel records “used to evaluate performance toward continued employment or promotion” (Civil Rights Law § 50-a [1]). Thus, so long as a document was used — at any time during the officer’s employment — to evaluate the officer for promotion or continued employment, it is exempt from disclosure as a personnel record. Stated differently, that Beardsley is no longer employed by respondent has no bearing upon the question of whether the requested records were or were not used by respondent to evaluate his performance. Likewise, the fact that Beardsley is a former officer of respondent does not mean that there is no realistic possibility of abusive use of the records against him in litigation (see Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d 145, 159 [1999]). A showing could be made that Beardsley is still involved in an open or pending case and that, in that context, the requested documents have the potential to be used to degrade, harass, embarrass or impeach his integrity (see Matter of Capital Newspapers Div. of Hearst Corp. v City of Albany, 63 AD3d 1336, 1341 [2009, McCarthy, J., concurring in part and dissenting in part], mod 15 NY3d 759 [2010]). Moreover, petitioners’ interpretation of the statute would lead to the illogical result that a document ceases to be a personnel record immediately upon the officer’s severance from employment. For these reasons, we conclude that whether a document constitutes a personnel record under Civil Rights Law § 50-a does not hinge on whether the officer to whom it relates is a current or former employee of the agency maintaining the record.
Respondent’s motion to dismiss must nevertheless be denied because, at this juncture, it has failed to demonstrate *36 that the requested records “fall[ ] squarely within the exemption” (Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d at 159; see Matter of Beyah v Goord, 309 AD2d 1049, 1049 [2003]; Matter of City of Newark v Law Dept, of City of N.Y., 305 AD2d 28, 34 [2003]; see generally Matter of West Harlem Bus. Group v Empire State Dev. Corp., 13 NY3d 882, 885 [2009]). Here, petitioners’ FOIL request sought all “records, in any form” that “relate[d] to” the off-duty incident involving Beardsley.[2] In reply, respondent withheld all of the requested records on the basis of a blanket invocation of Civil Rights Law § 50-a, without describing any of the documents withheld or offering a specific basis for the claimed exemption. Moreover, as respondent moved to dismiss the petition prior to answering, the record is devoid of any affidavit or other evidence specifying the types of responsive records that exist and establishing that any such documents “were ‘used to evaluate performance toward continued employment or promotion,’ as required by that statute” (Matter of Capital Newspapers Div. of the Hearst Corp. v City of Albany, 15 NY3d 759, 761 [2010], modfg 63 AD3d 1336 [2009], quoting Civil Rights Law § 50-a [1]; see Matter of Prisoners’ Legal Servs. of N.Y. v New York State Dept, of Correctional Servs., 73 NY2d 26, 32 [1988] [stating that “whether a document qualifies as a personnel record under Civil Rights Law § 50-a (1) depends upon its nature and its use in evaluating an officer’s performance”]). As the petition was improperly dismissed for failure to state a cause of action, respondent must be afforded the opportunity to serve and file an answer (see CPLR 7804 [f]; Matter of Rivette v District Attorney of Rensselaer County, 272 AD2d 648, 649 [2000]; see also Matter of Timmons v Green, 57 AD3d 1393, 1394-1395 [2008]).
We agree that Beardsley is a necessary party to this proceeding, as he may be adversely or inequitably affected by a judgment in this proceeding (see CPLR 1001 [a]). The shield of confidentiality imposed by Civil Rights Law § 50-a was designed “to prevent the potential use of information in the records in litigation to degrade, embarrass, harass or impeach the integrity of the officer” (Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d at 157-158 [emphasis added]; see Matter of Prisoners’ Legal Servs. of N.Y. v New York State Dept, of Correctional Servs., 73 NY2d at 31-33). As noted by the Court of Appeals in Matter of Daily Gazette Co. v City of Schenectady *37 (supra), wherein the records related to disciplinary actions taken against certain police officers as a result of an off-duty incident were requested by two newspapers for a concededly nonlitigious purpose, “ [potential abusive exploitation of the damaging information in personnel records exists irrespective of how, at whose behest or for what purpose the information is released into the public domain” (id. at 158). Thus, while petitioners ostensibly seek the documents at issue not for use in a legal proceeding, but rather to disseminate information to the public on a matter of societal concern, “once petitioners are able to obtain and publish [information contained in Beardsley’s records], the information will be fully available for all of the forms and practices of abusive exploitation that Civil Rights Law § 50-a was designed to suppress” (id.).
Here, although no longer employed as a police officer by respondent, the record reflects that Beardsley is a defendant in a pending wrongful death civil lawsuit arising from the alleged hit-and-run incident. In light of these circumstances and given the cloak of confidentiality accorded to officers’ personnel records by Civil Rights Law § 50-a, his interests may be adversely affected by a judgment ordering disclosure of documents sought in this proceeding (see Telesford v Patterson, 27 AD3d 328, 330 [2006]; Matter of Dunnigan v Waverly Police Dept., 279 AD2d 833, 834-835 [2001], lv denied 96 NY2d 710 [2001]; Matter of Herald Co. v School Dist. of City of Syracuse, 102 Misc 2d 637, 639-640 [1980]). However, upon remittal, rather than dismissing the petition for failure to name him as a party, Supreme Court must order that Beardsley be summoned by petitioners or, if joinder cannot be effectuated, determine whether the proceeding should be permitted to proceed in his absence (see Olney v Areiter, 104 AD3d 1100, 1101-1102 [2013]; see generally Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 727 [2008]; Matter of Gleason v Town of Clifton Park Planning Bd., 90 AD3d 1205, 1206 [2011]; Matter of Romeo v New York State Dept. of Educ., 41 AD3d 1102, 1105 [2007]).
Finally, because petitioners have not at this time substantially prevailed in the proceeding, they are not entitled to an award of counsel fees (see Public Officers Law § 89 [4] [c]).
Lahtinen, Stein and Gakry, JJ., concur.
Ordered that the judgment is reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.

. Despite petitioners’ suggestions to the contrary, the concurrence/dissent in Matter of Capital Newspapers Div. of Hearst Corp. v City of Albany (63 AD3d 1336 [2009], mod 15 NY3d 759 [2010]) did not rule that Civil Rights Law § 50-a is, as a matter of law, inapplicable to records related to former officers. Rather, the concurrence/dissent concluded only that “the affidavit of the [municipality’s] chief of police . . . was not sufficient to demonstrate [the statute’s] applicability to former police officers” (63 AD3d at 1340), and thus “the [municipality] did not carry its burden of demonstrating that the gun tags fall squarely within the exemption outlined under Civil Rights Law § 50-a (1) with respect to former police officers” (id. at 1341).

. Despite respondent’s repeated characterization of petitioners’ request as one for documents relating to an internal investigation, the request was in no way so limited.