■ In the Matter of JOHN COOK, Appellant-Respondent, v NASSAU COUNTY POLICE DEPARTMENT et al., Respondent-Appellant. [972 NYS2d 638]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of Israel Santiago, Commanding Officer of the Legal Bureau of the Nassau County Police Department, dated September 27, 2011, which affirmed a determination of Karen Taggart, Deputy County Attorney assigned to the Legal Bureau of the Nassau County Police Department dated August 18, 2011, denying disclosure of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Winslow, J.), dated February 2, 2012, as, in effect, denied that branch of his petition which was to compel the disclosure of certain Nassau County Police Department internal affairs investigation records and, in effect, dismissed that portion of the proceeding, and the Nassau County Police Department, Thomas C. Krumpter, as Acting Commissioner of the Nassau County Police Department, and Israel Santiago, as Commanding Officer of the Legal Bureau of the Nassau County Police Department, cross-appeal, as limited by their brief, from so much of the same judgment, as, in effect, granted those branches of the petition which were to direct them to disclose certain letters, redacted email messages, and a redacted one-page record from an internal affairs investigation.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) was enacted "to promote open government and public accountability" and "imposes a broad duty on government to make its records available to the public" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274 [1996]; *see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d 652, 656-657 [2012]). Under FOIL, government records are presumptively open for public inspection unless they fall within one of the exceptions specified by Public Officers Law § 87 (2), which permits an agency to deny access, inter alia, to records which "are specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87 [2] [a]; *see Matter of Gould v New York City Police Dept.*, 89 NY2d at 274-275; *Matter of Hearst Corp. v New York State Police*, 109 AD3d 32 [2013]). One such statute exempting records from disclosure is Civil Rights Law § 50-a (1), which provides, in relevant part, that "[a]ll personnel records used to evaluate performance toward continued employment or promotion" of police officers "shall be considered confidential and not subject

to inspection or review." However, "when access to an officer's personnel records relevant to promotion or continued employment is sought under FOIL, nondisclosure will be limited to the extent reasonably necessary to effectuate the purposes of Civil Rights Law § 50-a—to prevent the potential use of information in the records in litigation to degrade, embarrass, harass or impeach the integrity of the officer" (*Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 157-158 [1999]).

Contrary to the petitioner's contention, the Supreme Court properly determined, after an in camera inspection, that the only portion of an internal affairs investigation report which should be disclosed pursuant to FOIL was a redacted one-page "Citizen Complaint Summary." The internal investigation report is a personnel record within the ambit of Civil Rights Law § 50-a, and the withheld portion of the report could not be disclosed in redacted form in a manner that would alleviate the "substantial and realistic potential" that the information could be used in litigation to embarrass or humiliate the police officer who is the subject of the report (*Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d at 159; *see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs.*, 73 NY2d 26, 31-32 [1988]).

We reject the contention of the Nassau County Police Department, Thomas C. Krumpter, as Acting Commissioner of the Nassau County Police Department, and Israel Santiago, as Commanding Officer of the Legal Bureau of the Nassau County Police Department (hereinafter collectively the Nassau County parties), that the redacted "Citizen Complaint Summary" also should have been shielded from disclosure pursuant to Civil Rights Law § 50-a (1). That portion of the internal investigation report, as redacted, does not "contain any invidious implications capable facially of harassment or degradation of the officer in a courtroom" (*Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d at 158; *see Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 569 [1986]).

Further, contrary to the contention of the Nassau County parties, it is unnecessary to remit this matter to the Supreme Court to clarify what information is to be redacted from certain email messages it determined to be subject to disclosure. The Supreme Court's statements on the record provide sufficient guidance as to the extent of the redactions to be made.

The remaining contentions of the Nassau County parties are without merit. Eng, P.J., Balkin, Roman and Miller, JJ., concur.