*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014          517611
_____

In the Matter of COLUMBIA-
    GREENE BEAUTY SCHOOL, INC.,
                        Appellant,

        v                                          MEMORANDUM AND ORDER

CITY OF ALBANY,
                        Respondent,
                        et al.,
                        Respondents.
_____

Calendar Date:  September 12, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

_____

        Iseman, Cunningham, Riester & Hyde, LLP, Albany (Brian M.
Culnan of counsel), for appellant.

        John J. Reilly, Corporation Counsel, Albany (Eric P. Sugar
of counsel), for City of Albany, respondent.

_____

Clark, J.

        Appeal from a judgment of the Supreme Court (Lynch, J.),
entered March 1, 2013 in Albany County, which partially dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent Records
Access Appeals Officer of the City of Albany denying petitioner's
Freedom of Information Law request.

        Petitioner, a corporation owned by John Clapper and doing
business as John Paolo's Xtreme Beauty School, Goldwell Products
Artistry, operates cosmetology, nail specialty and esthetic
schools in various upstate New York locations.  Respondent

Matthew Couch is an investigator with the Department of Education and formerly served as a police officer with the City of Albany Police Department. According to petitioner, as a result of discord between Clapper and Couch, Couch caused the Department's Bureau of Proprietary School Supervision to file frivolous charges against petitioner alleging that two of its locations were in violation of certain Education Law provisions. Pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]), petitioner demanded access to, among other things, records arising out of Couch's employment with the police department because it believed Couch had engaged in misconduct as a police officer. Although respondent City of Albany acknowledged petitioner's request, it did not officially respond to the demand. Several months later, petitioner informed the City that it considered the City's lack of response to be a denial of its request and filed an appeal. After failing to receive a formal response from the City and, therefore, deeming its appeal to be denied, petitioner commenced this CPLR article 78 demanding that respondents satisfy the terms of the FOIL request made in September 2011 and that Supreme Court award it counsel fees and litigation costs. In their answer, respondents asserted that the requested records are exempt from FOIL under Civil Rights Law § 50-a. Supreme Court partially agreed with respondents, finding that records of complaints and disciplinary matters arising from Couch's employment with the police department, as well as records of his resignation therefrom, were exempt from disclosure, but that petitioner was entitled to records establishing the time period of that employment and the issuance of no-fee parking tickets to Couch. The court also dismissed petitioner's request for an award of counsel fees. Petitioner now appeals.

We affirm. Initially, pursuant to FOIL's general mission, which is to promote open government and public accountability, a government agency must make its records available to the public unless an exemption expressly provides otherwise (see Public Officers Law §§ 84, 87 [2]; Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462 [2007]). Although FOIL should be liberally construed, its exemptions must be narrowly interpreted (see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs., 73 NY2d 26, 30 [1988]). The agency

seeking the benefit of an exemption bears the burden of demonstrating that it applies (see Public Officers Law § 89 [4] [b]; Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996]; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986]; Matter of Capital Newspapers Div. of Hearst Corp. v City of Albany, 63 AD3d 1336, 1337 [2009], mod 15 NY3d 759 [2010]).

An agency may properly deny access to records that are specifically exempted from disclosure by state statute (see Public Officers Law § 87 [2] [a]). As is relevant here, Civil Rights Law § 50-a (1) provides that "[a]ll personnel records used to evaluate performance toward continued employment or promotion, under the control of any police agency or department . . .[,] shall be considered confidential and not subject to inspection or review without the express written consent of such police officer . . . except as may be mandated by lawful court order." Personnel records include documents relating to misconduct or rule violations by police officers (see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs., 73 NY2d at 31-33; Carpenter v City of Plattsburgh, 105 AD2d 295, 298 [1985], affd 66 NY2d 791 [1985]). Thus, if a document relating to an officer's public employment may be used "in litigation to harass, embarrass, degrade or impeach [that] officer's integrity," then it is protected by Civil Rights Law § 50-a (Matter of Capital Newspapers Div. of Hearst Corp. v City of Albany, 63 AD3d at 1338; see Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d 145, 157-158 [1999]).

Inasmuch as this Court has expressly ruled that a police officer's personnel records continue to be exempt from disclosure after he or she departs from public service, we disagree with petitioner's contention that Supreme Court erred by concluding that Civil Rights Law § 50-a applies to the records of Couch as a retired police officer (see Matter of Hearst Corp. v New York State Police, 109 AD3d 32, 35 [2013]). Whether an officer "is no longer employed by [an agency] has no bearing upon the question of whether the requested records were or were not used by [that agency] to evaluate his [or her] performance" (id.). To the extent that the records sought by petitioner consist of those regarding Couch's resignation from the police force, the

complaints submitted to the City regarding Couch's professional conduct while working as a police officer and disciplinary measures that were taken thereon, these documents clearly fall within the purview of "personnel records" (see Civil Rights Law § 50-a; Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs., 73 NY2d at 31-32; Carpenter v City of Plattsburgh, 105 AD2d at 298). Accordingly, we find no basis to disturb Supreme Court's dismissal of this portion of petitioner's application.

Nor do we find that Supreme Court erred in concluding that petitioner did not convey a good-faith basis for accessing Couch's personnel records such that an in camera review was necessary (see Civil Rights Law § 50-a [2], [3]; Matter of Daily Gazette Co. v City of Schnectady, 93 NY2d at 159) or in failing to award petitioner reasonable counsel fees (see Public Officers Law § 89 [4] [c] [i], [ii]; Matter of Carnevale v City of Albany, 68 AD3d 1290, 1293 [2009]; Matter of Maddux v New York State Police, 64 AD3d 1069, 1070 [2009], lv denied 13 NY3d 712 [2009]).

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court