Matter of Hughes Hubbard & Reed, LLP v Civilian Complaint Review Bd. (2019 NY Slip Op 02875)





Matter of Hughes Hubbard & Reed, LLP v Civilian Complaint Review Bd.


2019 NY Slip Op 02875


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2016-10141
 (Index No. 11745/15)

[*1]In the Matter of Hughes Hubbard & Reed, LLP, appellant,
v
Civilian Complaint Review Board, et al., respondents.


Hughes Hubbard & Reed, LLP, New York, NY (Theodore V. H. Mayer, Marc A. Weinstein, Alexandra M. Shookhoff, Dina Hoffer, Janet E. Sabel, and Cynthia Conti-Cook of counsel), appellant pro se.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard P. Dearing and Aaron M. Bloom of counsel), for respondent Civilian Complaint Review Board.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Bernard J. Graham, J.), dated August 17, 2016. The order and judgment, insofar as appealed from, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioner is a law firm which represented a criminal defendant in what ultimately proved to be a successful effort to vacate her conviction, based upon alleged improprieties committed by the respondent Louis Scarcella, a now-retired detective with the New York Police Department (hereinafter the NYPD). While proceedings related to its client's conviction were still pending, the petitioner submitted a request under the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to the respondent Civilian Complaint Review Board (hereinafter the CCRB), requesting documents related to complaints filed against Scarcella and the outcomes of any investigations into those complaints. The CCRB denied the request, claiming that the records fell under the exemption from FOIL disclosure for "personnel records used to evaluate performance toward continued employment or promotion" of a police officer under Civil Rights Law § 50-a(1).
After exhausting its administrative remedies, the petitioner commenced this CPLR article 78 proceeding, seeking to compel the CCRB to produce the requested documents. The petitioner argued that Civil Rights Law § 50-a(1) was inapplicable because Scarcella is retired, and the requested CCRB records are not "personnel records" because the CCRB is an agency independent from the NYPD. Both the CCRB and Scarcella opposed the petition. During the pendency of the CPLR article 78 proceeding, the petitioner informed the Supreme Court that the petitioner's client's conviction had been vacated, but contended that the client's exoneration "should have no bearing on the substantive issues" of the CPLR article 78 proceeding, "particularly since [the petitioner's of counsel], the Legal Aid Society, continues to represent many defendants whose cases were also investigated by Detective Scarcella." In an order and judgment dated August 17, 2016, [*2]the Supreme Court, inter alia, in effect, denied the petition and dismissed the proceeding, and the petitioner appeals. We affirm insofar as appealed from.
Public Officers Law § 87(2) provides that each government agency "shall . . . make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof" that fall into certain specifically enumerated exceptions. An agency "may deny access" to records that "are specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87[2][a]). Pursuant to Civil Rights Law § 50-a(1), "[a]ll personnel records used to evaluate performance toward continued employment or promotion, under the control of any police agency . . . [,] shall be considered confidential and not subject to inspection or review without the express written consent of such police officer . . . except as may be mandated by lawful court order."
We disagree with the petitioner's contention that Civil Rights Law § 50-a(1) does not apply to the CCRB. As this Court and the Appellate Division, First Judicial Department, have previously held, the "records of the CCRB relating to complaints and proceedings against police officers are exempt from disclosure under Civil Rights Law § 50-a(1)" (Matter of Luongo v Records Access Officer, 161 AD3d 1079, 1081; see Matter of Luongo v Records Access Officer, Civilian Complaint Review Bd., 150 AD3d 13, 20-23). "[W]hether a document qualifies as a personnel record under Civil Rights Law § 50-a(1) depends upon its nature and its use in evaluating an officer's performance — not its physical location or its particular custodian" (Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs., 73 NY2d 26, 32). The CCRB's records of civilian complaints, "regardless of where they are kept," could be used to harass or embarrass police officers, which is exactly what Civil Rights Law § 50-a was intended to prevent (id. at 32). Indeed, the Court of Appeals has recently held that disciplinary records arising from civilian complaints against police officers are the very sort of record presenting a potential for abusive exploitation and intended to be kept confidential under Civil Rights Law § 50-a (see Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556, 564; Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d 145, 159).
Moreover, we agree with the Appellate Division, Third Judicial Department, that "a police officer's personnel records continue to be exempt from disclosure after he or she departs from public service" (Matter of Columbia-Greene Beauty Sch., Inc. v City of Albany, 121 AD3d 1369, 1371; see Matter of Hearst Corp. v New York State Police, 109 AD3d 32, 35; see also Matter of Capital Newspapers Div. of Hearst Corp. v City of Albany, 63 AD3d 1336, 1338). In interpreting the scope of Civil Rights Law § 50-a, the Court of Appeals has repeatedly emphasized the legislative purpose of the statute, which is to "prevent any abusive exploitation of personally damaging information contained in officers' personnel records'" (Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d at 564, quoting Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d at 154; see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs., 73 NY2d at 31-32). We disagree with the petitioner's contention that the potential for personnel records to be used to embarrass or harass police officers during litigation ceases to exist after their retirement. A retired police officer might "still [be] involved in an open or pending case and . . . , in that context, the requested documents have the potential to be used to degrade, harass, embarrass or impeach his integrity" (Matter of Hearst Corp. v New York State Police, 109 AD3d at 35). Here, the petitioner's own submissions show that Scarcella has been called to testify numerous times since his retirement. The CCRB met its burden of showing a substantial and realistic potential for the abusive use of the requested material against Scarcella (see Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d at 159).
Accordingly, we agree with the Supreme Court's determination, in effect, denying the petition and dismissing the proceeding.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court