Matter of Burns v Cooke (2020 NY Slip Op 07190)





Matter of Burns v Cooke


2020 NY Slip Op 07190


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-02044
 (Index No. 1007/18)

[*1]In the Matter of Trevor Burns, appellant,
v
Brenda Cooke, etc., et al., respondents. 
 


Trevor Burns, Otisville, NY, appellant pro se.
James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Claude S. Platton of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered January 14, 2019. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner made two requests pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to the New York City Department of Correction (hereinafter DOC), one in October 2017 and the other in November 2017, for various records concerning a former inmate who had sworn in an affidavit dated January 6, 2017, that he did not testify against the petitioner at the petitioner's second-degree murder trial on June 3 and 4, 1997.
In October 2017, the petitioner sought, inter alia, the DOC admission and discharge dates, transportation orders, and the "Master Index" listing of all records maintained by the DOC pertaining to the former inmate (hereinafter the October 2017 FOIL request). The DOC responded to the October 2017 FOIL request, ultimately providing some of the records requested but withholding records related to the former inmate's dates of admission and discharge and transportation orders pursuant to Public Officers Law § 87(2)(f), on the ground that such disclosure could endanger the life and safety of any person. The petitioner administratively appealed the DOC's partial denial of the October 2017 FOIL request and offered to "compromise" his request for transportation orders. Thereafter, the DOC provided the petitioner with certain records requested pursuant to his offer to compromise, but declined to provide the petitioner with records related to the former inmate's dates of admission and discharge.
In November 2017, the petitioner sought various documents from 1995 to 1997 pertaining to the former inmate, including, inter alia, the institutional register of prisoner, the transfer log book for June 3 and 4, 1997, the movement log book for June 3 and 4, 1997, the attorney, counsel, and visitor log, and the inmate transfer file (hereinafter the November 2017 FOIL request). The petitioner administratively appealed the "constructive denial" of the November 2017 FOIL request before the DOC responded to the request. In December 2017, the DOC responded to November 2017 FOIL request, advising the petitioner to provide a written authorization from the former inmate in order for the DOC to consider his request.
The petitioner commenced this CPLR article 78 proceeding to compel the production of the requested records. In a supplemental affirmation submitted in further support of its answer, the DOC stated that it had withheld the requested records because the information contained therein could lead to retaliation. The Supreme Court denied the petition and, in effect, dismissed the proceeding, finding that the DOC had established that the records requested were exempt from disclosure under Public Officers Law § 87(2)(f), which provides an exemption from disclosure if disclosure could endanger the life or safety of any person. The petitioner appeals. We affirm.
We agree with the Supreme Court's determination denying the petition and, in effect, dismissing the proceeding. "Public Officers Law § 87(2)(f) permits an agency to deny access to records, that, if disclosed, would endanger the life or safety of any person. The agency in question need only demonstrate a possibility of endanger[ment] in order to invoke this exemption" (Matter of Bellamy v New York City Police Dept., 87 AD3d 874, 875, affd 20 NY3d 1028 [internal quotation marks omitted]). Here, the DOC met its burden of establishing that the records that were not provided to the petitioner are exempt from disclosure pursuant to Public Officers Law § 87(2)(f) based on the fear of retaliation (see Matter of Exoneration Initiative v New York City Police Dept., 114 AD3d 436, 439; Matter of Howard v Malone, 247 AD2d 665, 665).
The petitioner's remaining contention is without merit.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court